◼ CARLOS TORRES, Plaintiff, v VISTO REALTY CORP., Defendant/Third-Party Plaintiff-Appellant. 1801 LAUNDRY CORP., Doing Business as STATION LAUNDROMAT, Third-Party Defendant-Respondent. [965 NYS2d 721]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about June 6, 2012, which granted third-party defendant's motion to sever the third-party action, unanimously affirmed, without costs.

Since the main action involves the factual issue whether there was a defect in the sidewalk that contributed to plaintiff's injury, and the third-party action involves lease contract issues such as indemnification, and plaintiff, who has filed a note of issue, would be prejudiced by the delay caused by the need for discovery in the third-party action, severance of the third-party action was appropriate (*see* CPLR 1010; *Garcia v Gesher Realty Corp.*, 280 AD2d 440 [1st Dept 2001]).

We reject defendant/third-party plaintiff landowner's argument, pursuant to CPLR 1001 (b) (2) and (5), that third-party defendant tenant is a necessary party to the main action. Plaintiff's cause of action is grounded in Administrative Code of the City of New York § 7-210, which imposes on the owner of property abutting a sidewalk a nondelegable duty to maintain

the sidewalk in reasonably safe condition (*see e.g. Collado v Cruz*, 81 AD3d 542 [1st Dept 2011]). The provisions of the tenant's lease obligating it to repair the sidewalk could not be enforced through the main action (*id.*). Concur—Acosta, J.P., Renwick, Richter and Feinman, JJ.