■ Joseph Kellogg, Respondent, v All Saints Housing Development Fund Co., Inc., Defendant, 1916 Partners et al., Respondents-Appellants, Plaza Homes LLC et al., Respondents, and Artec Construction and Development Corp., Appellant-Respondent. [46 NYS3d 30]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 10, 2015, which denied defendant Artec Construction and Development Corp.'s motion to strike the note of issue, unanimously reversed, on the law, without costs, and the motion granted. Orders, same court and Justice, entered February 16 and 18, 2016, which denied the motions brought by Artec Construction and Development Corp., 45 East 131st Street Housing Development Fund Corporation, 1916 Park, LLC doing business as 1916 Partners, and Jason Fane for summary judgment and for leave to file late dispositive motions, unanimously modified, on the law, to grant leave to file the untimely motions, and to grant summary judgment in favor of 45 East 131st St. Housing Development Fund Corporation, Fane, and Artec Construction and Development Corp., and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint against 45 East, Fane, and Artec.

Plaintiff seeks damages in connection with injuries allegedly sustained when he tripped on a defect in the sidewalk abutting a parking lot owned by 1916 Park, LLC doing business as 1916 Partners (1916 Park).

Summary judgment dismissing the complaint and all cross claims should be granted in favor of defendant 45 East 131st

St. Housing Development Fund Corporation. Its motion, premised on its lack of any connection to the subject sidewalk, is unopposed.

The motion court erred in not granting the motion by Artec Construction and Development Corp. to strike the note of issue or extend its time to move for summary judgment where Artec demonstrated that it would otherwise be deprived of a reasonable opportunity to complete discovery (*see Lipson v Dime Sav. Bank of N.Y.*, 203 AD2d 161, 162 [1st Dept 1994]). For the same reason, the motion court should have considered all of defendants' summary judgment motions, although technically untimely. The fact that key party depositions were still outstanding constituted "good cause" for the delay in filing (*see Butt v Bovis Lend Lease LMB, Inc.*, 47 AD3d 338, 339-340 [1st Dept 2007]).

Summary judgment was properly denied as to 1916 Park. As the admitted owner of the property abutting the subject sidewalk, 1916 Park had a nondelegable duty to maintain it in "reasonably safe condition" (Administrative Code of City of NY § 7-210; *accord Torres v Visto Realty Corp.*, 106 AD3d 645, 645-646 [1st Dept 2013]). Contrary to 1916 Park's assertions, plaintiff's allegations in the related action filed at index No. 150864/15 were either not inconsistent or else merely created issues of fact and credibility not appropriately resolved on summary judgment, and plaintiff did not secure a ruling in its favor based on inconsistent factual allegations (*see Becerril v City of N.Y. Dept. of Health & Mental Hygiene*, 110 AD3d 517, 519 [1st Dept 2013], *lv denied* 23 NY3d 905 [2014]), as no final resolution has yet been reached in the related action.

1916 Park's CPLR 3211 (a) arguments are likewise unavailing. The arguments advanced in support of its CPLR 3211 (a) (1) motion are substantially the same as the arguments advanced in support of summary judgment, and fail for the same reasons. We decline to consider 1916 Park's 3211 (a) (7) defense, which was first raised in reply (*see Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1st Dept 1992]). Even if considered, it is without merit. The standard on a CPLR 3211 (a) (7) motion is "whether the proponent of the pleading has a cause of action, not whether he has stated one" (*High Definition MRI, P.C. v Travelers Cos., Inc.*, 137 AD3d 602, 602 [1st Dept 2016]) and "[a]ffidavits and other evidence may be used freely to preserve inartfully pleaded but potentially meritorious claims" (*R.H. Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 318 [1st Dept 1989]). Plaintiff's complaint, bills of particulars, and deposition testimony, taken together, were sufficient to state a claim for negligence.

Contrary to 1916 Park's assertion, dismissal is also not appropriate pursuant to CPLR 1001 (a) and 1003 for failure to join a necessary party. P&P Contracting Corp., which rented the subject parking lot at the time of the accident, was not a necessary party. Rather, as an entity "against whom there is asserted a[ ] right to relief jointly, severally, or in the alternative, arising out of the same transaction [or] occurrence," P&P falls in the category of parties who may, but are not required, to be joined (see CPLR 1002 [b]; see also Torres, 106 AD3d at 645-646).

Summary judgment dismissing the complaint and all cross claims should, however, have been granted in favor of Fane. Plaintiff has not shown any basis for individual liability and Fane cannot be held liable solely by virtue of his status as a member of 1916 Park LLC (Limited Liability Company Law § 609 [a]).

Summary judgment dismissing the complaint and all cross claims should also have been granted in favor of Artec. Because Artec was a tenant, and not the owner, of the relevant property, it cannot be held liable to a third party in tort absent a showing that (a) it affirmatively caused or created the defect that caused plaintiff to trip, or (b) put the subject sidewalk to a "special use" for its own benefit, thus assuming a responsibility to maintain the part used in reasonably safe condition (see Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011]; Balsam v Delma Eng'g Corp., 139 AD2d 292, 298 [1st Dept 1988], lv denied, lv dismissed 73 NY2d 783 [1988]). Artec met its prima facie burden of showing that the hazardous condition did not exist when its lease expired and it left the premises in 2009—over two years prior to the subject accident. Before the motion court, plaintiff did not submit any evidence in opposition, and the evidence plaintiff points to on appeal is not properly considered, as it is dehors the record. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.