■ HIGH DEFINITION MRI, P.C., Appellant, v MAPFRE INSURANCE COMPANY OF NEW YORK, Respondent. [49 NYS3d 406]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about July 14, 2016, which granted plaintiff's motion for reargument of defendant's motion to sever the breach of contract cause of action or, in the alternative, for a stay of the severance order pending appeal, only to the extent of extending plaintiff's time to commence separate actions in Civil Court for the 198 claims asserted in the breach of contract cause of action, unanimously affirmed, with costs.

Although the order on reargument purported to deny plaintiff's motion to reargue defendant's severance motion, it is appealable, because the court addressed the merits of the motion, in effect, granting it and adhering to the original determination (see Jackson v Leung, 99 AD3d 489, 490 [1st Dept 2012]).

The court properly severed the breach of contract cause of action, since the 198 unrelated no-fault claims asserted therein raise no common issues of fact or law (see CPLR 603; Radiology Resource Network, P.C. v Fireman's Fund Ins. Co., 12 AD3d 185 [1st Dept 2004]). Plaintiff's contention that the defense of fraudulent incorporation presents common factual and legal issues that predominate is unavailing, since defendant has made clear that it does not intend to pursue that defense.

The court properly denied plaintiff's motion for a stay, since adjudication of the separate breach of contract claims in Civil Court is not dependent on a determination of the declaratory judgment cause of action (see Hunter v Hunter, 10 AD2d 937 [1st Dept 1960]). Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.