People v Cabrera (2019 NY Slip Op 00976)





People v Cabrera


2019 NY Slip Op 00976


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


4665/04 8353A 8353

[*1] The People of the State of New York, Appellant,
v
Felix Cabrera, Defendant-Respondent.


Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for appellant.
Edelstein & Grossman, New York (Jonathan Edelstein of counsel), for respondent.



Order, Supreme Court, Bronx County (John W. Carter, J.), entered on or about February 21, 2018, which, upon granting defendant's CPL 440.10 motion, vacated a judgment (same court and Justice) rendered February 28, 2006, unanimously affirmed. Appeal from order, same court and Justice, entered on or about June 27, 2018, which effectively granted reargument and adhered to the original decision, unanimously dismissed, as academic.
Although the second order was denominated a denial of reargument, it is appealable because the court addressed the merits of the motion, in effect granting it, and expressly adhered to the original determination (see High Definition MRI, P.C. v Mapfre Ins. Co. of N.Y., 148 AD3d 470 [1st Dept 2017]). However, that appeal is rendered academic by our affirmance of the first order.
The court properly granted defendant's motion to vacate the judgment on the ground of ineffective assistance of counsel, consisting of affirmative misadvice (see People v McDonald, 1 NY3d 109, 113-114 [2003]) about the deportation consequences of a domestic violence felony conviction. The court conducted a hearing that included testimony from defendant and the attorney who represented him at the time of his 2006 guilty plea, and there is no basis for disturbing the court's credibility determinations. Evidence credited by the court established that the attorney affirmatively misrepresented the deportation consequences of the plea by telling defendant that he would not become deportable, and that he likely would be granted citizenship five years after he completed his sentence of probation if he had no further trouble with the law. Such "affirmative misrepresentation falls below an objective standard of reasonableness" (McDonald, 1 NY3d at 114-115).
Although the People dispute whether, at the time of the plea, defendant's conviction actually rendered him deportable, they have established, at most, that defendant's deportability was less clear in 2006 than it is today. However, counsel's
affirmative misadvice was not that defendant might avoid deportation, but that he would do so.
The People do not challenge the court's finding that defendant was prejudiced in that he would not have pleaded guilty had he received correct immigration advice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK