Varley v Elk 300 E 83, LLC (2019 NY Slip Op 07022)





Varley v Elk 300 E 83, LLC


2019 NY Slip Op 07022


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9960N 151716/17

[*1] Michael Varley, et al., Plaintiffs-Appellants,
v
Elk 300 E 83, LLC, Defendant-Respondent.


Sokolski & Zekaria, P.C., New York (Daphna Zekaria of counsel), for appellants.
Desiderio, Kaufman & Metz, P.C., New York (Jeffrey R. Metz of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered June 29, 2018, which denied plaintiffs' motion to restore this settled action to the calendar, to compel defendant landlord's adherence to the stipulation of settlement, and for an award of continuing damages and legal fees, unanimously affirmed, without costs.
Plaintiffs were long-term tenants of an apartment in a building, owned by defendant, that was severely damaged and rendered unsafe by a fire in February 2017. Plaintiffs commenced this action seeking, inter alia, access to their personal property left in the apartment, and the parties entered into a confidential settlement agreement in July 2017. To the extent the terms of the agreement have been disclosed, the parties agreed to terminate plaintiffs' lease, and agreed that defendant could not dispose of plaintiffs' personal property until after the building was deemed safe and plaintiffs were allowed access to remove their belongings. In the event of a breach or threatened breach of the agreement, the opposing party could seek an injunction and reasonable attorneys' fees.
Contrary to plaintiffs' contention, defendant's September 2017 letter updating them on upcoming repairs, and seeking their input concerning items that needed to be relocated or discarded in anticipation of the repairs, did not constitute a threatened breach of the settlement agreement. Defendant merely sought a mutual understanding to determine which items in the portion of the unit needing repair were not salvageable due to fire, smoke, water, or mold damage (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [1st Dept 2006]).
Furthermore, plaintiffs rely on facts concerning subsequent disposition of their property that are dehors the record and thus cannot properly be considered on appeal (see Kellogg v All Sts. Hous. Dev. Fund Co., Inc., 146 AD3d 615, 617 [1st Dept 2017]; Martin v Manhattan & Bronx Surface Tr. Operating Auth., 198 AD2d 160, 160-161 [1st Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK