Chowaniec v AACC Inc. (2020 NY Slip Op 06200)





Chowaniec v AACC Inc.


2020 NY Slip Op 06200


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 157375/16 Appeal No. 12220 Case No. 2020-01265 

[*1]Adam Chowaniec, Plaintiff-Appellant,
v
AACC Inc., Defendant-Respondent, New York Roofscapes, Inc., Defendant.


Bergman Bergman Fields & Lamonsoff, LLP, Hicksville (Michael E. Bergman of counsel), for appellant.
Smith, Sovik, Kendrick & Sugnet, P.C., White Plains (Michael A. Flake of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 12, 2019, which granted defendant AACC Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In November 2015, plaintiff hired defendant AACC to complete the renovation of the front and back decks of his home, after he fired the previous construction company, defendant New York Roofscapes, Inc. (Roofscapes). Before Roofscapes was fired, it removed the railings from the back deck. Prior to AACC commencing its work, it sent plaintiff an estimate for the reconstruction work, which expressly excluded the installation of railings. Plaintiff and AACC entered into a verbal agreement for the reconstruction work, and during the project they discussed the possibility of AACC installing railings. However, AACC completed the project in early March 2016, and the parties never reached an agreement with respect to the installation of railings.
Thereafter, on April 8, 2016, plaintiff placed balusters on his back deck, which did not have working lights. He then took a few steps back to look at the balusters and fell off the deck. He testified that he knew that the absence of railings or protective barriers on the deck constituted a dangerous condition.
The court properly found that plaintiff and AACC did not enter into an implied-in-fact contract. The estimate of the reconstruction work did not include the installation of railings on the deck, and although plaintiff and AACC discussed the possibility of such installation, they never reached an agreement. Since the parties did not have a meeting of the minds, AACC did not breach an implied-in-fact contract by failing to install railings (see Maas v Cornell Univ., 94 NY2d 87, 94 [1999]; Second Generation Partners, L.P. v Duane Reade, 17 AD3d 206, 208 [1st Dept 2005]).
AACC was not negligent in failing to install protective barriers on the deck during its work. Plaintiff instructed AACC not to install temporary safety devices, and instead directed his personal employee to place plastic fencing around the deck, which AACC would take down daily and reinstall nightly after finishing work. Since AACC was not the owner of the property and did not create the dangerous condition, it can not be held liable for failing to install railings on the deck (see Kellogg v All Sts. Hous. Dev. Fund. Co. Inc., 146 AD3d 615, 617 [1st Dept 2017]).
The motion court also properly found that under the circumstances, plaintiff was the sole proximate cause of his accident. He testified that he knew that the deck constituted a dangerous condition, but nevertheless placed balusters on it at night, then walked backward off its edge. Plaintiff, as the owner of the property, could have installed temporary barricades after he instructed AACC not to do so.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020