Lopez v Halletts Astoria LLC (2022 NY Slip Op 03346)





Lopez v Halletts Astoria LLC


2022 NY Slip Op 03346


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 


Index No. 27827/17E Appeal No. 15846, M-1342 Case No. 2021-03850 

[*1]Daniel Lopez, Plaintiff-Respondent,
v
Halletts Astoria LLC et al., Defendants-Appellants.
Halletts Astoria LLC et al., Third-Party Plaintiffs-Appellants,
v
S&E Bridge and Scaffold LLC, Third-Party Defendant-Respondent.


Coffey Modica O'Meara Capowski LLP, White Plains (Sean Harriton of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Daniel Lopez, respondent.
London Fischer LLP, New York (Morgan Mueller of counsel), for S&E Bridge and Scaffold LLC, respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered May 13, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against defendant New Line Structures & Development LLC and the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) §§ 23-6.1(c)(1) and 23-6.3(g) against all defendants, granted, upon a search of the record, plaintiff summary judgment on those claims, and granted plaintiff's and third-party defendant S&E Bridge and Scaffold LLC's motions to sever the third-party action, unanimously modified, on the law, to grant defendants' motion as to the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-6.1(c)(1), and deny plaintiff summary judgment on the Labor Law § 200 and common-law negligence claims and the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-6.3(g), and otherwise affirmed, without costs.
Plaintiff, an S&E employee engaged in hoist installation and maintenance, was injured while fixing a misaligned hoist elevator at a construction site. While plaintiff was on the hoist tower attempting to loosen a screw, an adjacent ascending hoist elevator struck his foot.
Plaintiff was not the sole proximate cause of the accident, as the testimony shows that the accepted practice among S&E workers was to step onto the tower when removing the screw at issue (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1168 [2020]), and there was no standing order not to walk on the hoist tower (see Portillo v DRMBRE-85 Fee LLC, 191 AD3d 613, 614 [1st Dept 2021]). Plaintiff's decision to move to the tower was foreseeable (see Egan v A.J. Constr. Corp., 94 NY2d 839, 841 [1999]), as the testimony shows that sometimes removal of the screw in question was not possible and the only other way to access it was from the hoist tower.
Supreme Court erred in granting summary judgment to plaintiff on his Labor Law § 200 and common-law negligence claims against construction manager New Line inasmuch as it found that a dangerous condition caused plaintiff's injury. Plaintiff's injury arose not from a defective or dangerous condition but, rather, from the manner and method in which the work was performed, since the evidence shows that the adjacent hoist elevator that struck plaintiff's foot was functioning normally (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]).
"In order to prove liability," then, "plaintiff must show that the owner or agent ha[d] the authority to control the activity bringing about the injury to enable it to avoid or correct any unsafe condition" (Lemache v MIP One Wall St. Acquisition, LLC, 190 AD3d 422, 423 [1st Dept 2021], citing Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). This includes New Line's authority to direct or prevent simultaneous operations of the site's contractors "while [*2]a potentially hazardous activity was taking place in the vicinity" (Lemache, 190 AD3d at 424). The record presents issues of fact regarding whether permitting use of the adjacent hoist during S&E's repair work was a proximate cause of plaintiff's injury and whether New Line had the necessary abovementioned authority (see Rizzuto, 91 NY2d at 352-353; Freitas v New York City Tr. Auth., 249 AD2d 184, 186 [1st Dept 1998]). The record further presents an issue of fact regarding whether New Line furnished the hoist operators with radios for communication between them.
As for plaintiff's Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-6.3(g), while it is evident that plaintiff was "climbing the hoist tower" when he was struck by the other "hoist car" in operation, an issue of fact exists concerning whether violation of this provision was a proximate cause of plaintiff's injury (see Marino v Skil Corp., 259 AD2d 256 [1st Dept 1999]).
Plaintiff's Labor Law § 241(6) claim fails, however, insofar as it is predicated on Industrial Code § 23-6.1(c)(1), since that provision is "unquestionably general" (Sharrow v Dick Corp., 233 AD2d 858, 861 [4th Dept 1996], lv denied 89 NY2d 810 [1997]; see also Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]).
Supreme Court providently granted the motions to sever the third-party action, as plaintiff and S&E "would be prejudiced by defendant[s'] inexcusable delay in bringing the third-party action" (WVH Hous. Dev. Fund Corp. v Brooklyn Insulation & Soundproofing, Inc., 193 AD3d 523, 523-524 [1st Dept 2021]; see also Torres v Visto Realty Corp., 106 AD3d 645, 645 [1st Dept 2013]). S&E was not impleaded until many months after the note of issue was filed and almost two years after defendants were notified that S&E was plaintiff's employer. S&E would also be prejudiced, since it has not had the opportunity to conduct discovery.
We have considered the parties' remaining contentions and find them unavailing. M-1342 Daniel Lopez v Halletts Astoria LLC et al.
Motion to stay the trial pending the hearing and
determination of the appeal denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022