SF Consultants, LLC v 28 W. Group Corp (2025 NY Slip Op 07122)

SF Consultants, LLC v 28 W. Group Corp

2025 NY Slip Op 07122

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 158320/22|Appeal No. 5427|Case No. 2025-00052|

[*1]SF Consultants, LLC, Plaintiff-Appellant,
v
28 West Group Corp et al., Defendants-Respondents.

Sacco & Fillas, LLP, Astoria (Diamanda Papagiannakis of counsel), for appellant.

Order, Supreme Court, New York County (Emily Morales-Minerva, J.), entered on or about November 18, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to extend the deadline for filing the note of issue, unanimously reversed, on the law, the facts, and in the exercise of discretion, with costs, the motion granted, and the deadline for filing of the note of issue extended 90 days from the date of this decision.
Supreme Court improvidently exercised its discretion in denying plaintiff's motion. Plaintiff had good cause for an extension of time, as they demonstrated a reasonable excuse for their delay in providing disclosure — among other things, their inability to access bank records that had been locked because of an unrelated fraud — and good faith efforts to resolve discovery disputes before proceeding to trial (see Estate of Ungar ex rel. Strachman v Palestinian Auth., 44 AD3d 176, 180-182 [1st Dept 2007]). Furthermore, the delays giving rise to the requested extension did not arise from willfulness in missing deadlines, but from legitimate difficulties encountered by both sides during discovery. Nor are defendants prejudiced by an extension of the deadline; indeed, defendants did not oppose plaintiff's motion, and do not oppose plaintiff's appeal now, and in fact have previously expressed their own need for an extension of time to obtain further discovery (see CPLR 2004; Kellogg v All Saints Hous. Dev. Fund Co., Inc., 146 AD3d 615, 616 [1st Dept 2017]). Under the circumstances, the court's denial of plaintiff's motion "left the parties in limbo where they could neither move forward to trial nor complete the discovery necessary to move forward to trial, thereby frustrating the strong public policy favoring open disclosure to allow the parties to adequately prepare" (361 Broadway Assoc. Holdings, LLC v Foundations Group I, Inc., 210 AD3d 548, 549 [1st Dept 2022]; see also CPLR 3101[a]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025