De Castro v West Farms Apts. LLC (2026 NY Slip Op 01278)

De Castro v West Farms Apts. LLC

2026 NY Slip Op 01278

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Index No. 21271/20|Appeal No. 6011-6012|Case No. 2024-07336, 2025-04564|

[*1]Brinia Rojas De Castro, Plaintiff-Respondent,
vWest Farms Apartments LLC et al., Defendants-Appellants.
West Farms Apartments LLC et al., Third-Party Plaintiffs-Appellants,
vJoy Construction Corporation, Third-Party Defendant-Respondent.
West Farms Apartments LLC et al., Second Third-Party Plaintiffs-Appellants,
vChutes and Compactors of New York, Inc. Doing Business as Chutes Enterprises, Second Third-Party Defendant-Respondent.

Gallo Vitucci Klar LLP, New York (Andrew M. Lauri of counsel), for appellants.
Adam D. Polo PC, New York (Ronny Solomon of counsel), for Brinia Rojas De Castro, respondent.
Mauro Lilling NaParty LLP, Woodbury (Melissa A. Danowski of counsel), for Joy Construction Corporation, respondent.
Ahmuty, Demers & McManus, New York (Frank J. Wenick of counsel), for Chutes and Compactors of New York, Inc., respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered November 6, 2024, which granted third-party defendant Joy Construction Corporation's motion pursuant to CPLR 407 and 603 to sever the third-party action against it and granted plaintiff's motion pursuant to CPLR 603 to sever the same third-party action, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 14, 2025, which denied the motion of defendants West Farms Apartments LLC and The Wavecrest Management Team Ltd. (collectively, West Farms) for leave to renew and reargue the motions of Joy Construction and plaintiff to sever the third-party action, granted the motion of second third-party defendant Chutes and Compactors of New York, Inc. d/b/a Chutes Enterprises pursuant to CPLR 407 and 603 to sever the second third-party action commenced against it, and reinstated the note of issue filed on July 26, 2022, unanimously affirmed, without costs
The court effectively granted West Farms' motion for leave to reargue when it considered the merits of the motion, and thus, it is reviewable on appeal (see High Definition MRI, P.C. v Mapfre Ins. Co. of N.Y., 148 AD3d 470, 471 [1st Dept 2017]). In support of its motion for leave to renew, West Farms submitted new evidence (see CPLR 2221[e][2]) — namely a July 22, 2024 order from Justice Raymond P. Fernandez vacating the note of issue in the main action and an October 30, 2024 order, same court and Justice, denying plaintiff's motion to reargue — orders that were not available in 2023 when West Farms opposed Joy Construction's and plaintiff's severance motions. Upon renewal and reargument, Supreme Court properly adhered to its prior order granting Joy Construction's and plaintiff's severance motions.
In this personal injury action allegedly caused by a faulty garbage chute door falling and injuring plaintiff's foot, severance of the two third-party actions against Joy Construction, the general contractor, and Chutes Enterprises, the garbage chute door manufacturer, for breach of contract, contribution, and common-law and contractual indemnification was a proper exercise of discretion. West Farms failed to provide a reasonable justification for its delay in commencing both actions after plaintiff filed the note of issue on July 26, 2022 (see CPLR 407, 603, 1010; see generally Marbilla, LLC v 143/145 Lexington LLC, 116 AD3d 544, 544 [1st Dept 2014]). West Farms retained Joy Construction to construct the building two years before the incident and thus were aware of Joy Construction's identity and role on the construction project (see Admiral Indem. Co. v Popular Plumbing & Heating Corp., 127 AD3d 419, 419 [1st Dept 2015]). West Farms should have discovered the identity and involvement of Chutes Enterprises shortly after the accident as the accident was reported to them, and the alleged faulty door identified Chutes Enterprises as the manufacturer.
Given that the note of issue in the main action was filed on July 26, 2022, plaintiff would suffer undue delay and prejudice should she have to wait for discovery to be completed in the third-party actions (see Torres v Visto Realty Corp., 106 AD3d 645, 645 [1st Dept 2013]), which raise distinct legal issues from the underlying personal injury and negligence claims (see Admiral Indem. Co., 127 AD3dat 419). Joy Construction and Chutes Enterprises would also suffer prejudice by not having a meaningful opportunity to conduct discovery or move for dispositive relief while the main action remained trial-ready (see id.).
We have considered West Farms' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026