Feifei Gu v Henry

2026 NY Slip Op 02332

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Feifei Gu, Plaintiff-Appellant,

v

Javon Henry, et al., Defendants-Respondents.

Decided and Entered: April 16, 2026

Index No. 101237/22|Appeal No. 6393|Case No. 2024-03069|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Feifei Gu, appellant pro se.

Alvin L. Bragg, Jr., District Attorney, New York (Victor Olds of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about April 24, 2024, which denied plaintiff's motions to vacate a prior order, same court (Mary V. Rosado, J.), entered on or about July 28, 2023, dismissing the complaint for failure to file a timely notice of claim, and for sanctions, and which, in effect, granted plaintiff's motion for leave to reargue her opposition to defendants' motion to dismiss the complaint, and upon reargument, adhered to its prior determination, unanimously affirmed, without costs.

Supreme Court effectively granted plaintiff's motion for leave to reargue when it considered the merits of the motion, and thus, it is reviewable on appeal (see High Definition MRI, P.C. v Mapfre Ins. Co. of N.Y., 148 AD3d 470, 471 [1st Dept 2017]). Upon reargument, the court properly adhered to its prior order granting defendants' motion to dismiss the complaint. Plaintiff's contention that defendants failed to serve their motion to dismiss is contradicted by the record, which includes counsel's affirmation of service by certified mail, plaintiff's submission of opposition to the motion, and her participation in oral argument on the motion.

Supreme Court also properly denied plaintiff's motion to vacate the July 28, 2023 order dismissing the complaint for failure to file a timely notice of claim. The record shows that plaintiff did not comply with the notice-of-claim requirements applicable to tort claims under General Municipal Law §§ 50-e and 50-i prior to commencing this action against the District Attorney's Office and two of its prosecutors (see Slemish Corp. S.A. v Morgenthau, 192 AD3d 465, 468 [1st Dept 2021], lv denied 37 NY3d 909 [2021]). There is no evidence that defendants were ever served with a notice of claim, nor did plaintiff plead any such in the complaint. Because failure to satisfy these statutory prerequisites is a jurisdictional defect, dismissal was required (see Davidson v Bronx Mun. Hosp., 64 NY2d 59, 62 [1984]).

Furthermore, the court providently denied plaintiff's motion for sanctions as her allegations of fraud and misconduct are conclusory and unsupported by the record.

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026