■ Karama Supermarket, Inc., Respondent, v Frawley Plaza Associates et al., Appellants, et al., Defendants. Frawley Plaza Associates et al., Third-Party Plaintiffs-Appellants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants. [606 NYS2d 177] —Order, Supreme Court, New York County (Stuart C. Cohen, J.), entered May 7, 1993, *sua sponte* directing severance and separate trial of the landlord defendants' third-party complaint against the City of New York, unanimously reversed, on the law and the facts, the severance is annulled, and the third-party complaint as against the City is reinstated for trial with the main action forthwith, without costs.

In 1979 a water pipe froze and burst, flooding and causing damage to plaintiff's store. Six months after commencement of this action, defendant landlords commenced third-party actions against engineers and architects involved in the design

and construction of the premises, and against the City for negligent inspection and certification of the allegedly faulty water valve, as well as inadequate steps in shutting off the water after a leak was reported. The presence of multiple parties and third parties has contributed to the 14-year delay in bringing this case to trial. On May 5, 1993 all parties except the City appeared in court and indicated their trial readiness. Anxious to proceed, the trial court exercised its discretion in *sua sponte* severing that part of the landlord's third-party claim against the City, and directed the remaining parties to begin selecting a jury.

A trial court has the discretionary authority to sever a claim against any party and order a separate trial, in the interest of justice (CPLR 1003), especially with respect to a third-party claim, where that controversy "will unduly delay the determination of the main action or prejudice the substantial rights of any party" (CPLR 1010). However, caution should be exercised in dismissing third-party actions, so as to avoid multiplicity and circuity of litigation and to achieve the desirable goal of determining both primary and ultimate liability in a single proceeding *(Cohen Agency v Perlman Agency,* 51 NY2d 358, 365).

We recognize the frustration of the trial court in trying to advance this aged action to trial, but the court's exercise of discretion here was improvident because it penalized diligent parties while rewarding another party whose lack of readiness was never satisfactorily explained. Significantly, the third-party action against the City, *inter alia,* was instituted in April 1980, less than six weeks after joinder of issue in the main action. No party claimed prejudice by moving for a severance. The court's *sua sponte* severance is, on the other hand, clearly prejudicial to the landlord defendants, and thus was an abuse of discretion. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.