■ Karen Rothstein, Plaintiff, v Milleridge Inn, Inc., Defendant and Third-Party Plaintiff-Appellant. Maura Brothers & Company, Inc., Third-Party Defendant-Respondent. [674 NYS2d 346] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about December 2, 1997, which, to the extent appealed from, severed the third-party action, unanimously reversed, on the law, without costs, and the directive of severance deleted. The parties are directed to complete all discovery in the third-party action within 90 days of this Court's order.

In this slip-and-fall action, defendant Milleridge Inn, Inc. (Milleridge or defendant) appeals from the IAS Court's *sua sponte* decision to sever the third-party action. Third-party defendant Maura Brothers & Company, Inc. (Maura Brothers) has not appeared on this appeal. Counsel for plaintiff Karen Rothstein (Rothstein or plaintiff) has filed a letter taking no position on the severance issue.

Plaintiff was injured when she slipped and fell on ice and snow in the parking lot of defendant's restaurant on January 8, 1994. She filed a summons and complaint on October 29, 1996. Issue was joined on December 19, 1996.

Pursuant to the court's preliminary conference order of May

28, 1997, impleader actions were to be commenced within 60 days of completion of the parties' depositions. On November 5, 1997, defendant commenced the third-party action by filing a third-party summons and complaint against Maura Brothers, the contractor hired by defendant to remove snow and ice from the parking lot at the time of the accident. It is not argued that defendant failed to comply with the time limits set forth in the preliminary conference order.

Moreover, by the time the parties appeared before the court for a compliance conference on December 2, 1997, discovery in the primary action was complete. Maura Brothers had not served its answer, but its time to answer had not yet expired. (The third-party answer was filed on December 31, 1997, pursuant to a stipulation extending the time to answer.) Though none of the parties had expressed any concern that they would be prejudiced if the actions were tried together, or requested severance, the court *sua sponte* severed the third-party action, over the defendant's objection. We find that this severance was an improvident exercise of discretion.

Severance of a third-party action is within the discretion of the trial court. However, severance is inappropriate absent a showing that a party's substantial rights would otherwise be prejudiced (*Andresakis v Lynn*, 236 AD2d 252). To avoid the waste of judicial resources and the risk of inconsistent verdicts, it is preferable for related actions to be tried together (*Shanley v Callanan Indus.*, 54 NY2d 52, 57), such as in a tort case where the issue is the respective liability of the defendant and the third-party defendant for the plaintiff's injury (*Dolce v Jones*, 145 AD2d 594, 595).

In a case where the main action was trial-ready but still-outstanding discovery on the third-party action would unreasonably delay bringing the plaintiff's case to trial, a joint trial of the main and the third-party actions could prejudice the plaintiff (*Pena v City of New York*, 222 AD2d 233). Here, Rothstein has never stated that she feared prejudicial delay would result from a joint trial. By contrast, the court's decision to sever the third-party action would prejudice defendant Milleridge. The trier of fact cannot properly determine whether Milleridge negligently maintained the parking lot without considering whether Maura Brothers used due care in performing the snow and ice removal (*see, Karama Supermarket v Frawley Plaza Assocs.*, 200 AD2d 355, 356). Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.