■ HOWARD SICHEL et al., Plaintiffs, v COMMUNITY SYNA-GOGUE, Defendant, and D.H.I. CONSTRUCTION SERVICES, INC., Defendant and Third-Party Plaintiff-Appellant. ESPO CON-STRUCTION, INC., Third-Party Defendant-Respondent. [682 NYS2d 382] —Order, Supreme Court, New York County (Harold Tomp-kins, J.), entered on or about December 17, 1997, which denied defendant-appellant's motion to modify an order of the same court and Justice, entered November 10, 1997, which, *inter alia, sua sponte* severed the third-party action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the directive of sever-ance deleted.

Plaintiff slipped and fell in front of the premises owned by defendant The Community Synagogue (Synagogue). In May 1996, he commenced this action for personal injuries against Synagogue and defendant D.H.I. Construction Services (DHI), a general contractor that had performed work there. Ap-proximately one year later, DHI commenced a third-party ac-tion against third-party defendant Espo Construction, Inc. (Espo), a subcontractor that had performed work at the premises on the date of plaintiff's fall.

At a preliminary conference held on October 29, 1997, the IAS Court directed plaintiff to file a note of issue in the main action by November 5, 1997, and *sua sponte* severed the third-party action because discovery had not been completed. On November 4, 1997, DHI moved for an order modifying the October 29th preliminary conference order to the extent of consolidating the main action and third-party action for trial purposes only. The IAS Court denied the motion, character-izing it as a "motion to reargue."

The IAS Court's refusal to modify its *sua sponte* severance order was an improvident exercise of its discretion. Where two actions arise from a common nucleus of facts, a trial court should only sever the actions to prevent prejudice or substantial delay to one of the parties (*see, Rothstein v Milleridge Inn,* 251 AD2d 154; *Andresakis v Lynn,* 236 AD2d 252). "To avoid the waste of judicial resources and the risk of inconsistent verdicts, it is preferable for related actions to be tried together [citation omitted] such as in a tort case where the issue is the respective

liability of the defendant and the third-party defendant for the plaintiff's injury [citation omitted]" (*Rothstein v Milleridge Inn, supra,* at 155). That is exactly the situation here. Significantly, plaintiffs do not oppose consolidation and have not asserted any prejudice resulting from the third-party action (*supra*). As the third-party action is now in a trial-ready posture, the actions should be tried together.

Contrary to Espo's argument, the order denying DHI's motion to modify the IAS Court's *sua sponte* order, which was made on notice, is appealable (*see, Everitt v Health Maintenance Ctr.,* 86 AD2d 224, 227; *see also, Rothstein v Milleridge Inn, supra*).

In light of our determination, DHI's motion for a stay is denied as academic. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.