■ MANUEL EMILIO GOMEZ, Plaintiff, v CITY OF NEW YORK, Defendant/Third-Party Plaintiff-Respondent. COLUMBUS CON-STRUCTION CORPORATION, Third-Party Defendant-Appellant. [911 NYS2d 45]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered August 31, 2009, which denied the motion of third-party defendant Columbus Construction Corporation (Columbus) pursuant to CPLR 1010 to dismiss the third-party complaint, unanimously reversed, on the law and the facts, without costs, the motion granted, and the third-party complaint dismissed, without prejudice. The Clerk is directed to enter judgment accordingly.

Plaintiff was allegedly injured in August 2001 when, while walking on a public street, he tripped and fell in a hole located near the curb on the milled roadway. Plaintiff filed a timely notice of claim and commenced this action against defendant City of New York in January 2002. Approximately six years later, a request for judicial intervention was filed and a preliminary conference was held.

During the course of discovery, documents were exchanged in December 2008 indicating that Columbus had milled the subject road, and, at an April 2009 deposition, a witness from the Department of Transportation's street maintenance unit testified that, upon completion of the milling work, the milling contractor would have been responsible for filling holes like the one into which plaintiff claimed to have tripped.

The City filed the third-party complaint in June 2009 and in August 2009, Columbus brought the subject motion to dismiss the third-party complaint. In an affidavit, Columbus's chief operating officer stated that Columbus was being run by a bonding company which was in the process of closing the business, that Columbus had no employees or records of any work performed at the location, and that if Columbus had worked there, any records would have been destroyed under its ordinary document retention policy or lost because the company was no longer in business.

CPLR 1010 affords the court with discretionary authority to sever or dismiss a third-party action without prejudice where the controversy "will unduly delay the determination of the main action or prejudice the substantial rights of any party." Based on the circumstances presented, the motion should have been granted because the substantial rights of Columbus were severely prejudiced by the almost eight-year delay between plaintiff's accident and the filing of the third-party complaint, leaving Columbus unable to mount a defense (compare Annanquartey v Passeser, 260 AD2d 517, 518 [1999]). The record demonstrates that Columbus no longer has records regarding

the alleged work, nor employees who could testify as to events in 2001 to either disprove that it performed the work, or performed the work improperly. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ.