■ JOAN SKOLNICK, Plaintiff, v MAX CONNOR, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. J. SIEBOLD CON-

STRUCTION CORPORATION, Third-Party Defendant-Respondent. [932 NYS2d 453]—

The record establishes that dismissal of the third-party complaint under CPLR 1010 was a provident exercise of the court's discretion. Defendants third-party plaintiffs delayed in bringing the third-party action until almost a year after the main action for personal injuries was commenced and months after the filing of the note of issue, despite being aware of a potential contractual indemnification claim against third-party defendant (*see Grant v Wainer*, 179 AD2d 364, 365 [1992]). The record supports the court's finding that the defendants "knowingly and deliberately delayed the commencement of the third-party action."

Third-party defendant was also prejudiced by the filing of the third-party complaint months after third-party defendant had dissolved its business and thus, as stated by counsel, no longer had access to employees or records (*see Gomez v City of New York*, 78 AD3d 482, 483 [2010]). This would put third-party defendant at a severe disadvantage in gathering evidence to defend itself (*see id.* at 483-484).

Additionally, CPLR 1010 authorizes discretionary dismissal of a third-party complaint where the controversy "will unduly delay the determination of the main action." Here, the 79-year-old plaintiff is entitled to a trial preference pursuant to CPLR 3403 (a) (4). Her action, which is trial ready, should not be delayed because of defendants' failure to diligently pursue their claims against third-party defendants. It is noted that defendants and third-party plaintiffs did not seek a severance of the third-party claim.

We note that inasmuch as a CPLR 1010 dismissal is "without prejudice," defendants have a remedy in that they could commence a separate action for contractual indemnity and contribution pursuant to the terms of the contract. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.