■ MARBILLA, LLC, Plaintiff, v 143/145 LEXINGTON LLC et al., Defendants. (And Other Third-Party Actions.) M&R EUROPEAN CONSTRUCTION CORP., Sixth Third-Party Plaintiff-Respondent, v SKYSCRAPER STEEL CORP., Sixth Third-Party Defendant-Appellant. 143/145 LEXINGTON AVENUE LLC, Plaintiff, v M&R EUROPEAN CONSTRUCTION CORP. et al., Defendants. (And Third-Party Actions.) M&R EUROPEAN CONSTRUCTION CORP., Third Third-Party Plaintiff-Respondent, v SKYSCRAPER STEEL CORP., Third Third-Party Defendant-Appellant. [984 NYS2d 317]—

Order, Supreme Court, New York County (Louis B. York, J.), entered February 7, 2013, which denied sixth third-party defendant Skyscraper Steel Corp.'s (Skyscraper) motion pursuant to CPLR 1010 to dismiss the sixth third-party complaint and all cross claims against it or, in the alternative, pursuant to CPLR 603 and 1010 to sever the sixth third-party action, unanimously affirmed, without costs. Order, Supreme Court, New York County (Louis B. York, J.), entered January 25, 2013, which denied third third-party defendant Skyscraper's motion pursuant to CPLR 1010 to dismiss the third third-party complaint and all cross claims against it or, in the alternative, pursuant to CPLR 603 and 1010 to sever the third third-party action, unanimously affirmed, without costs.

The motion court properly denied Skyscraper's motions to dismiss or sever. The third-party actions will not unduly delay the determination of the main action or prejudice the substantial rights of Skyscraper or any other party, and Skyscraper's discovery rights have been accommodated (*see Nielsen v New York State Dormitory Auth.*, 84 AD3d 519 [1st Dept 2011]; *Erbach Fin. Corp. v Royal Bank of Canada*, 203 AD2d 80 [1st Dept 1994]). The third-party actions present questions of law and fact in common with the main action, and thus a joint trial is preferable (*see Rothstein v Milleridge Inn*, 251 AD2d 154 [1st Dept 1998]). Defendant M&R European Construction Corp. provided a reasonable justification for bringing the third-party actions more than six years after the initial action was filed, i.e. that it was unaware of Skyscraper's potential liability until the deposition of a previously unavailable witness was taken.

We have considered Skyscraper's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Freedman and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 30151(U).]**