■■■ KING RANGE, Plaintiff, v THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Defendants. (And

A Third-Party Action.) THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Second Third-Party Plaintiffs-Respondents, v TOTAL SAFETY CONSULTING, L.L.C., Second Third-Party Defendant, and CITY SAFETY COMPLIANCE CORP., Second Third-Party Defendant-Appellant. (And Other Actions.) [54 NYS3d 391]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered June 13, 2016, which, inter alia, denied second third-party defendant City Safety Compliance Corp.'s motion to dismiss the second third-party complaint as against it or, in the alternative, to sever that complaint from the main action, unanimously affirmed, without costs.

The motion court properly found that City Safety's substantial rights would not be prejudiced by its claimed lack of opportunity for meaningful discovery, in view of its ability to review existing discovery and obtain any required additional discovery "while this case makes its way up the trial calendar" (see Marbilla, LLC v 143/145 Lexington LLC, 116 AD3d 544 [1st Dept 2014]). Nor, as the motion court found, has City Safety been prejudiced by the delay in the commencement of the second third-party action. The note of issue was filed April 23, 2015. The second third-party complaint was filed September 22, 2015, after it "became evident" to defendants' counsel, on September 9, 2015, when they received expert disclosure from plaintiffs' counsel, that they had a cause of action against City Safety. Even if there was a delay, it did not rise to the level of the knowing and deliberate delay by the defendants in Skolnick v Max Connor, LLC (89 AD3d 443 [1st Dept 2011]), on which City Safety relies. Moreover, the issues of law and fact involved in the main and second third-party actions are intertwined, since the inspection of the job site by second third-party defendants was integral to plaintiffs' liability claims (see Sichel v Community Synagogue, 256 AD2d 276 [1st Dept 1998]). It is also likely that almost all the same witnesses will be required (see Williams v Property Servs., 6 AD3d 255, 256 [1st Dept 2004]).

City Safety's remaining contention, that it will be prejudiced by having the issues of indemnity and insurance tried before the jury that will consider the underlying liability claims, is unavailing. Concur—Friedman, J.P., Richter, Moskowitz, Gische and Kapnick, JJ.