Soto v CBS Corp. (2018 NY Slip Op 00185)





Soto v CBS Corp.


2018 NY Slip Op 00185


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-02556
 (Index No. 4870/11)

[*1]Pedro Soto, plaintiff-respondent, 
v
CBS Corporation, et al., defendants third-party plaintiffs-appellants; Principal Building Services, LLC; third-party defendant- respondent.


Melcer Newman, PLLC, New York, NY (Jon E. Newman of counsel), for defendants third-party plaintiffs-appellants.
Robinson & Yablon, P.C., New York, NY (Jason Levine of counsel), for plaintiff-respondent.
Chalos & Co., P.C., Oyster Bay, NY (Melissa D. Patzelt-Russo of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated February 2, 2016, as granted the plaintiff's motion to dismiss the third-party complaint, denied their cross motion for leave to renew their opposition to the plaintiff's motion, inter alia, to compel discovery, which was granted in an order of the same court dated April 22, 2015, and compelled them to produce that discovery as directed in the order dated April 22, 2015.
ORDERED that the order dated February 2, 2016, is affirmed insofar as appealed from, with one bill of costs.
The plaintiff allegedly was injured when an interior stairway on which he was standing partially collapsed. In February 2011, the plaintiff commenced this negligence action against the defendants to recover damages for his injuries, alleging that the defendants owned, operated, maintained, managed, and controlled the stairway. Throughout the discovery phase of the action, the Supreme Court issued several orders compelling the defendants to produce certain evidence identifying the entity responsible for the control and maintenance of the stairway up to and including the time of the accident. In the most recent of those orders, dated April 22, 2015, the court directed the defendants to produce the identity of the entity that repaired the stairway after the plaintiff's accident and provide documentation of payment to that entity within 45 days. The defendants did not produce the information, and instead, in May 2015, commenced a third-party action against the third-party defendant, the defendants' cleaning contractor. The plaintiff thereafter moved to dismiss the third-party complaint, and the defendants cross-moved for leave to renew their opposition to the plaintiff's motion, inter alia, to compel discovery of the post-accident repair records. The court, inter alia, granted the plaintiff's motion to dismiss the third-party complaint, denied the defendants' cross motion for leave to renew, and directed the defendants to produce the [*2]discovery set forth in its order dated April 22, 2015. The defendants appeal.
"CPLR 1010 provides a safety valve for cases in which the third-party claim will unduly delay the determination of the main action or prejudice the substantial rights of any party'"
(Annanquartey v Passeser, 260 AD2d 517, 517, quoting CPLR 1010 [internal quotation marks omitted]; see Gomez v City of New York, 78 AD3d 482, 483-484; Cipollina v Kent, 52 AD2d 632, 632). Where the record indicates that a third-party plaintiff knowingly and deliberately delayed in commencing the third-party action, the Supreme Court acts within its discretion to dismiss the third-party complaint (see Skolnick v Max Connor, LLC, 89 AD3d 443, 444; Grant v Wainer, 179 AD2d 364, 365; cf. Range v Trustees of Columbia Univ. in the City of N.Y., 150 AD3d 515, 516). Contrary to the defendants' contentions, the court correctly granted the plaintiff's motion to dismiss the third-party complaint because the defendants deliberately and intentionally delayed commencing the third-party action for more than four years.
"CPLR 3101(a) requires full disclosure of all evidence material and necessary in the prosecution or defense of an action" (Del Vecchio v Danielle Assoc., LLC, 94 AD3d 941, 942; see Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 730-731). " Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control'" (Del Vecchio v Danielle Assoc., LLC, 94 AD3d at 942, quoting Cleland v 60-02 Woodside Corp., 221 AD2d 307, 308; see DeRoche v Methodist Hosp. of Brooklyn, 249 AD2d 438, 439). Contrary to the defendants' contentions, an issue exists as to the identity of the entity responsible for the structural maintenance and control of the stairway. Accordingly, the Supreme Court correctly directed the defendants to produce discovery concerning the post-accident repairs.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court