| McGiver v City of New York |
|:---:|
| 2024 NY Slip Op 31043(U) |
| March 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157640/2020 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  HON. JUDY H. KIM

*Justice*

-------------------------------------------------------------------------------X

MARGARET POWER MCGIVER,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY PARKS
DEPARTMENT, THE AMERICAN MUSEUM OF NATURAL
HISTORY, TISHMAN CONSTRUCTION CORPORATION,
BREEZE NATIONAL INC, JOHN CIVETTA & SONS,
INC.,JOHN CIVETTA CONSTRUCTION CORP.,

Defendants.

-------------------------------------------------------------------------------X

THE CITY OF NEW YORK, THE NEW YORK CITY PARKS
DEPARTMENT, THE AMERICAN MUSEUM OF NATURAL
HISTORY, TISHMAN CONSTRUCTION CORPORATION,
BREEZE NATIONAL INC, JOHN CIVETTA & SONS,
INC.,JOHN CIVETTA CONSTRUCTION CORP.,

Third-Party Plaintiffs,

- v -

ANCHORMEN CONSTRUCTION LLC,

Third-Party Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 04 |
| INDEX NO. | 157640/2020 |
| MOTION DATE | 05/30/2023 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Index No. 595932/2022

The following e-filed documents, listed by NYSCEF document number (Motion 004) 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123

were read on this motion to          VACATE/STRIKE - NOTE OF ISSUE          .

Upon the foregoing documents, the motion by defendants the City of New York, the

American Museum of Natural History, Tishman Construction Corp., John Civetta & Sons, Inc.

[* 1]

and John Civetta Construction Corp. to vacate the note of issue and remove this action from the trial calendar (or, alternatively, permit certain post-note of issue discovery) is granted and the note of issue is vacated.

## PROCEDURAL BACKGROUND

On September 17, 2020, plaintiff commenced this action alleging that on March 12, 2020 she was working as an employee of Anchormen Construction, LLC ("Anchormen") at 365 Columbus Avenue, New York, New York when she was injured due to defendants' negligence, and asserting claims for common law negligence and claims under Labor Law §§200, 240(1) and 241(6) (NYSCEF Doc. No. 2 [Compl.]).

On April 8, 2021, defendants commenced a third-party action against Anchormen, contending that any injuries plaintiff sustained were due solely to Anchormen's negligence and asserting claims for contractual and common law indemnification and contribution (NYSCEF Doc. No. 17 [Third Party Answer at ¶22]).

On November 9, 2022, plaintiff and defendants entered into a discovery stipulation, subsequently so ordered, which directed defendants to "re-file the third-party complaint on or before 11/18/22" and added that "if [Anchormen] does not appear or answer within 30 days of this filing, the third-party action will be preemptively severed" (NYSCEF Doc. No. 58)(emphasis added). Defendants then re-filed their third-party complaint (denominated a "Second Third Party Complaint") on NYSCEF on November 17, 2022 and served same on Anchormen via the New York State Secretary of State on December 6, 2022 and via personal service on December 13, 2022.

**157640/2020  POWER MCGIVER, MARGARET vs. CITY OF NEW YORK**
**Page 2 of 6**
   **Motion No.  004**

[* 2]

2 of 6

Anchormen answered the Third-Party Complaint on February 8, 2023.

On April 3, 2023, the parties filed another stipulation providing, as pertinent here, that all parties were to respond to Anchormen's written demands within thirty days and extending plaintiff's time to sever the third-party action and file the note of note of issue to May 5, 2023 (NYSCEF Doc. No. 101). Plaintiff did not make any effort to sever the third-party action by that date, though she did file the note of issue on May 8, 2023.

On May 30, 2023, defendants filed the instant motion, arguing that vacatur is necessary as "written discovery is still being exchanged between defendants and Anchormen and the examination before trial of Anchormen has yet to occur," and an orthopedic and neurological IME of plaintiff were also outstanding (NYSCEF Doc. No. 112 [Hopkins Affirm. at ¶14]).

## DISCUSSION

Defendants' motion is granted. 22 NYCRR §202.21(e) provides, in pertinent part, that "the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect." Here, plaintiff's certificate of readiness stated that discovery was completed when it is undisputed that, per the parties' April 3, 2023 stipulation, discovery was outstanding in the third-party action. To the extent plaintiff asserts that the third-party action was severed and therefore any outstanding discovery in that action has no bearing here, the Court disagrees.

Contrary to plaintiff's interpretation of the November 9, 2022 stipulation, it did not serve to sever the third-party action, "preemptively" or otherwise. First, this stipulation indicates that any severance is conditioned upon Anchormen's failure to file a third-party answer within twenty days of defendants' filing of the third-party complaint. As such, any severance necessarily would

**157640/2020 POWER MCGIVER, MARGARET vs. CITY OF NEW YORK**
**Motion No. 004**

**Page 3 of 6**

[* 3]

require an application to the Court including proof of such default prior to any severance. This conclusion is supported by the parties' subsequent stipulation setting an outside date for plaintiff to "sever the third party action." Notably, plaintiff did not make any such application or motion in the time frame allotted or anytime thereafter.

The Court declines to extend plaintiff's time to make such an application, for two reasons: First, the parties' stipulation impermissibly narrowed the deadline for Anchormen to interpose a third-party answer, directing that it do so within twenty days of the filing of the third-party complaint rather than within twenty (or thirty) days from defendants' service of the third-party complaint (See CPLR §320[a]). Accordingly, any default by Anchormen under this stipulation is of no effect and not grounds for severance.

Additionally, the Court notes that "[a]lthough it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly" and is disfavored where, as here "the claims against the defendants involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts will be served by having a single trial" (Barrett v New York City Health and Hosps. Corp., 150 AD3d 949, 950-51 [2d Dept 2017] [internal citations and quotations omitted]; see also Range v Trustees of Columbia Univ. in the City of NY, 150 AD3d 515, 516 [1st Dept 2017]).

Accordingly, it is hereby

**ORDERED** that defendants' motion to vacate the note of issue is granted and the note of issue is vacated and the case is stricken from the trial calendar; and it is further

**ORDERED** that defendants shall, within fifteen days from the date of this decision and order, serve a copy of this decision and order, with notice of entry, on all parties and upon the

**157640/2020  POWER MCGIVER, MARGARET vs. CITY OF NEW YORK**
 **Motion No.  004**

**Page 4 of 6**

[* 4]

4 of 6

Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

**ORDERED** that defendants shall, within twenty days from the date of this decision and order, notice an IME limited to plaintiff's October 25, 2023 surgical procedure (noticed by filing and servicing of a Supplemental Bill of Particulars on January 9, 2024 [NYSCEF Doc. No. 129]); and it is further

**ORDERED** that said IME is to be held within sixty days of the date of the notice; and it is further

**ORDERED** that defendants shall exchange IME reports within thirty days from the date of plaintiff's IME; and it is further

**ORDERED** that, upon the completion of discovery as outlined above, the plaintiff shall cause the action to be placed upon the trial calendar by the filing of a new note of issue and certificate of readiness (for which no fee shall be imposed), to which shall be attached a copy of this order the plaintiff shall move to reinstate the note of issue as provided in Uniform Rule §202.21(f); and it is further

**157640/2020   POWER MCGIVER, MARGARET vs. CITY OF NEW YORK**
  **Motion No.  004**

**Page 5 of 6**

[* 5]

5 of 6

**ORDERED** that the parties are to appear for a status conference in Part 4 (80 Centre Street, room 308) on June 7, 2024 at 10:00 a.m. at which time the Court will set the date for filing the note of issue.

This constitutes the decision and order of the Court.

| 3/28/2024 | | | |
|---|---|---|---|
| **DATE** | | **HON. JUDY H. KIM, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157640/2020  POWER MCGIVER, MARGARET vs. CITY OF NEW YORK**
**Motion No.  004**

Page 6 of 6

[* 6]