**63 Co., LLC v 63rd & 3rd NYC LLC**

2024 NY Slip Op 34393(U)

December 17, 2024

Supreme Court, New York County

Docket Number: Index No. 651762/2023

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NANCY M. BANNON**     PART     **61M**

*Justice*

-------------------------------------------------------------------------------X

63 COMPANY, LLC,

                         Plaintiff,

            - v -

63RD & 3RD NYC LLC,

                        Defendant.

-------------------------------------------------------------------------------X

63RD & 3RD NYC LLC

                     Third-Party Plaintiff,

           -v-

RSC GROUP LLC

                    Third-Party Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651762/2023 |
| MOTION DATE | 11/15/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595911/2024

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for _____SEVERANCE_____.

## !. INTRODUCTION

In this breach of contract action arising from a license to access property for purposes of construction, the plaintiff, 63 Company, LLC, owner of real property located at 1065 Third Avenue in Manhattan, moves pursuant to CPLR 1010 to dismiss or sever the third-party action brought by the defendant, 63rd & 3rd NYC LLC, owner of an adjacent property at 1059 Third Avenue, asserted against one of its subcontractors, RSC Group, LLC. The main action seeks compensation for damage to the plaintiff's property as a result of the defendant's construction, *i.e.* a concrete slab which fell through the plaintiff's roof, and contractual indemnification under the license agreement; the third-party action is for contractual indemnification under the subcontract. Third-party defendant RSC has not answered. The defendant opposes the motion. The motion is granted and the third-party complaint is dismissed without prejudice.

**651762/2023   63 COMPANY, LLC vs. 63RD & 3RD NYC LLC**
**Motion No.  001**

Page 1 of 6

## II. BACKGROUND

In 2016, the plaintiff and defendant entered into a "License to Enter and Indemnity Agreement" (see RPAPL § 881), which granted the defendant, who was planning a construction project for its property, the right to enter the plaintiff's property. The License required the defendant to make certain payments to and indemnify the plaintiff for any damages to the plaintiff's property arising from the construction. The defendant hired a construction manager, Hudson Meridian Construction Group, LLC, which in turn, subcontracted for masonry services with RSC, the third-party defendant. That subcontract, *inter alia*, requires RSC to indemnify the defendant for all damages arising out of RSC's work.

On January 9, 2019, a concrete slab fell 20 stories from the defendant's s property through the roof of the plaintiff's property, causing extensive property damage, which the plaintiff estimates to be $700,000. Several lawsuits ensued. A tenant in the plaintiff's property, Steven Jones, commenced a personal injury action against the plaintiff, defendant, Hudson Meridian and RSC (Index No. 152534/2019). In that action, the defendant asserted crossclaims against RSC for common law indemnification and contribution. On December 12, 2019, the defendant commenced a separate action against RSC seeking, *inter alia*, (1) a judgment declaring that RSC is obligated to indemnify the defendant in connection with the Jones action and to reimburse the defendant for all costs incurred and to be incurred arising out of the slab incident, (2) money damages for breach of contract in that RSC manufactures, constructed and installed the concrete slabs in an unworkmanlike manner, and failed to procure liability insurance with the defendant named as an additional insured and (2) money damages for negligence in regard to the slab incident (Index No. 657421/2019). [1] The defendant filed a Note of Issue in that action and, on August 5, 2024, moved for summary judgment against RSC. That motion remains pending before another Justice of this court.

The plaintiff commenced the instant action on April 10, 2023, alleging two causes of action against the defendant - breach of contract and contractual indemnity. The plaintiff alleges that the defendant breached the License agreement when it failed to pay the fees due under the

---

[1]Additional tenants commenced a negligence action against the defendant and others, and RSC was later added as a defendant (Index No. 250984/2020). On March 17, 2020, the defendant's insurer, Technology Insurance Company, Inc., commenced a subrogation action on its own behalf against Hudson Meridian, RSC, and other parties (Index No. 152882/2020). On February 3, 2021, the aforementioned actions were consolidated by order of the court (D'Auguste, J.) for purposes of discovery.

[* 2]

agreement and failed to adequately safeguard the plaintiff's property at the time of the slab incident. The plaintiff further alleges that Section 9(a) of the License agreement required the defendant to indemnify the plaintiff for all claims asserted against it, including those by tenants, which the plaintiff estimates to be at least $1,331,293.46. The defendant filed an answer on June 2, 2023, asserting 14 affirmative defenses. Discovery ensued. The preliminary conference order dated October 24, 2023, set the Note of Issue deadline for January 19, 2025. The most recent status conference order, October 24, 2024, indicates that the Note of Issue deadline, marked "final," remains January 19, 2025

In the meantime, on September 13, 2024, the defendant filed the subject third-party complaint against RSC, asserting three causes of action - common law indemnification and contribution, contractual indemnification, and breach of contract/failure to procure insurance. These are essentially identical to the claims asserted as cross-claims in the Jones action (Index No. 152534/2019) and as main claims in the defendant's own action (Index No. 657421/2019). The defendant served RSC with the third-party complaint on October 1, 2024. As stated above, RSC has not answered.

On October 9, 2024, the plaintiff moved pursuant to CPLR 1010 to dismiss or sever the third-party complaint from the main action. As to dismissal, the plaintiff argues that inasmuch as the defendant has asserted the very same claims in prior actions, allowing them to continue here could result in conflicting outcomes. Relatedly, the plaintiff further argues that the defendant commencing an untimely third-party action with claims duplicative of pending claims purely for tactical reasons of delay. As to severance, the plaintiff argues that the issues of fact and law in the main action are distinct from those at issue in the third-party action and that allowing the third-party action to continue will unduly delay the main action. The plaintiff avers that "RSC will insist on drawn-out written and expert discovery evaluating RSC's alleged culpable conduct in executing its masonry work for the Construction Project, which will not be relevant to [the plaintiff's] claims against [the defendant]." On a more practical level, the plaintiff also argues that any delay of the main action will delay its ability to fully repair their damaged roof and is therefore necessarily prejudicial.

The opposition papers filed by the defendant are quite thin. Most glaringly, they fail to address the central issue - that the claims asserted are identical to the claims asserted against RSC in at least two other actions (see CPLR3211[a][4]). The defendant merely argues in a

[* 3]

conclusory manner and with boilerplate reasoning that severance would unnecessarily burden it and waste judicial resources, and that the main and third-party actions both arise out of the slab incident and should be tried together.

### III. DISCUSSION

CPLR 603 provides that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims." Similarly, CPLR 1010 provides that "[t]he court may dismiss a third-party complaint without prejudice, order a separate trial of the third-party claim or of any separate issue thereof or make such other order as may be just. In exercising its discretion, the court shall consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party." Stated otherwise, "CPLR 1010 provides a safety valve for cases in which the third-party claim 'will unduly delay the determination of the main action or prejudice the substantial rights of any party.'" Soto v CBS Corp., 157 AD3d 740 741 (2nd Dept. 2018) (internal citations omitted). Third-party actions should not be dismissed if severance would result in "multiplicity and circuitry of litigation." Karama Supermarket, Inc. v Frawley Plaza Assocs., 200 AD2d 355, 356 (1st Dept. 1994) citing Cohen Agency v Perlman Agency, 51 NY2d 358 (1980). Whether to dismiss or sever an action is a matter within the discretion of the court. See CPLR 1010; Skolnick v Max Connor, LLC, 89 AD3d 443 (1st Dept. 2011).

The standards for CPLR 1010 mirror those for consolidation of actions. CPLR 602(a) permits the court, in its discretion, to consolidate actions that involve common questions of law and fact so as to "reduce the cost of litigation, make more economical use of the trial court's time, and speed the disposition of cases." See Matter of New York City Asbestos Litig., 121 AD3d 230, 242 (1st Dept 2014), affd 27 NY3d 765([2016) [internal quotation marks and citation omitted]). A party opposing the motion must show that "consolidation will prejudice a substantial right." Geneva Temps. Inc., New World Communities, Inc., 24 AD3d 332, 334 (1st Dept 2005); see Perkins Eastman Architeacts, D.P.C. v White Plains Hosp. Med. Ctr., Inc., 223 AD3d 633 (1st Dept. 2024). While mere delay is not a sufficient reason to deny the motion (see Raboy v McCrory Corp., 210 AD2d 145, 147 [1st Dept 1994]), consolidation may be denied where the "actions are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter." See Abrams v Port Auth. Trans-Hudson Corp., 1 AD3d 118, 119 (1st Dept 2003).

[* 4]

Here, the third-party action was commenced with discovery nearly complete in the main action and asserts the very same claims pending in other actions. To allow the third-party action to continue (1) would result in delay and prejudice to the plaintiff as, assuming RSC answers or appears in the third-party action, there would undoubtedly be necessary discovery as to RSC's liability to the defendant as a result of the slab incident, and under the terms of their subcontract, in which the plaintiff would play no part, or (2) would prejudice RSC by requiring them to proceed to trial without the opportunity of such discovery. See Admiral Indem. Co. v Popular Plumbing & Heating Corp., 127 AD3d 419 (1st Dept. 2015). The defendant makes no excuse for its delay in commencing a third-party at the close of discovery, and in repeating in that action the same claims asserted in prior actions. See WVH Hous. Dev. Fund Corp. v Brooklyn Insulation & Soundproofing, Inc., 193 AD3d 523 (1st Dept. 2021). In any event, any argument that it could not have brought the third-party action sooner because it was unaware of its own liability or possibly that of RSC is specious as the defendant previously asserted claims against RSC. Compare Marbilla, LLC v 143/145 Lexington LLC, 116 AD3d 544 (1st Dept. 2014) (third-party plaintiff unaware of third-party defendant's potential liability until depositions taken). As the other actions were commenced prior to this action, any additional claim the defendant may have against RSC should have been or should be brought in those actions. In that regard, CPLR 3211(a)(4) provides the court with broad discretion to dismiss an action on the ground that "there is another action pending between the same parties on the same cause of action."

Moreover, contrary to the defendant's contention, the two actions do not present identical questions of law and fact to warrant a joint trial. See generally Matter of New York City Asbestos Litig., supra. While both assert claims for contractual indemnification, they arise from two separate contracts. The main action concerns the License agreement between the plaintiff and defendant and RSC is not a party to that agreement. Likewise, the plaintiff is not a party to the contract between the defendant and RSC. The defendant's indemnification and breach of contract claims against RSC need not and should not be tried together with the plaintiff's breach of contract and indemnification claims against the defendant. Indeed, the defendant's claims against RSC can and are being pursued, and possibly tried, in the prior actions. Dismissal of the third-party complaint will effectively reduce the "multiplicity and circuitry of litigation." Karama Supermarket, Inc. v Frawley Plaza Assocs., supra at 356. For these reasons, the plaintiff's motion pursuant to CPLR 1010 is granted and the third-party action is dismissed without prejudice for the defendant to pursue the same claims asserted in prior pending actions.

[* 5]

Third-party defendant RSC need not answer or appear in this action.

## IV. CONCLUSION

Accordingly, upon the foregoing documents, it is,

ORDERED that the plaintiff's motion pursuant to CPLR 1010 is granted and the third-party action is dismissed without prejudice for the defendant to pursue the same claims in prior pending actions, and it is further

ORDERED that the Clerk of the court shall mark the file accordingly, and it is further

ORDERED that the parties are to appear for the scheduled conference on December 19, 2024, at 10:00 AM and it is further

ORDERED that the defendant shall serve a copy of this order on RSC Group LLC by e-mail and overnight mail service within five (5) days.

This constitutes the Decision and Order of the court.

20241217224659NBANN0N47A9D923622846BDB14AC87B14A9ED8C

**12/17/2024**
**DATE**

**NANCY M. BANNON, J.S.C.**

**CHECK ONE:**

|   | CASE DISPOSED | X | NON-FINAL DISPOSITION |   |
|---|---|---|---|---|
| X | GRANTED |   | DENIED | GRANTED IN PART | OTHER |