| **Ingram v City of New York** |
|:---:|
| 2025 NY Slip Op 31539(U) |
| April 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160742/2020 |
| Judge: Carol Sharpe |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: **HON. CAROL SHARPE** | PART | 52M |
| *Justice* | | |

---------------------------------------------------------------------X

VASHAWN INGRAM, KEITH BROCKETT, ALEIDA RIVERA,

Plaintiff,

- v -

CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER "JOHN DOE #1", NEW YORK CITY POLICE OFFICER "JOHN DOE #2", AND NEW YORK CITY POLICE OFFICER "JOHN DOE #3",

Defendants.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160742/2020 |
| MOTION DATE | 03/05/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27 were read on this motion to/for ATTORNEY - DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW .

Upon the foregoing documents, the fully submitted and unopposed motion by plaintiffs' counsel to withdraw as counsel to plaintiff Vashawn Ingram only is granted.

Plaintiffs Vashawn Ingram, Keith Brockett, and Aleida Rivera ("plaintiffs") commenced this false arrest action against the defendants The City of New York, and New York City Police Officers "John Doe #1", "John Doe #2", and "John Doe #3" ("defendants"), by filing their Summons and Complaint on December 10, 2020 (NYSCEF Doc. #1). Issue was joined by The City of New York filing its Answer on behalf of the defendants on May 26, 2021 (NYSCEF Doc. #15).

Plaintiffs alleged that on January 11, 2020, they were driving on West 206th Street between 9th and 10th Avenues in New York, New York, when, without probable cause, they were stopped, pulled over, frisked, publicly assaulted and battered, threatened, handcuffed, and wrongfully placed under arrest for approximately 30 minutes. Plaintiffs further alleged that the January 11, 2020, incident was a part of a continuous pattern of ongoing harassment and abuse they have been subjected

160742/2020 INGRAM, VASHAWN vs. CITY OF NEW YORK
Motion No. 002

Page 1 of 6

[* 1]

to for several years at the hands of New York City police officers. Plaintiffs seek damages for false imprisonment, false arrest, negligence, deprivation of constitutional rights, civil assault, and civil battery.

Plaintiffs' counsel moved by Order to Show Cause ("OSC") seeking to withdraw as counsel to plaintiff Vashawn Ingram, and to stay the action for sixty (60) days for Vashawn Ingram to seek other counsel, pursuant to CPLR §321(b)(2) (NYSCEF Doc. #23). Oral arguments were held before this Court on March 19, 2025. Plaintiffs' counsel filed the affidavit of service of the OSC on Vashawn Ingram (NYSCEF Doc. #27). Vashawn Ingram did not file written opposition or appear for oral arguments on March 19, 2025.

In support of the OSC, plaintiffs' counsel submitted an affidavit (NYSCEF Doc. #24) in which he stated that the grounds for seeking to withdraw as counsel to Vashawn Ingram are that there is an irreconcilable breakdown of the attorney-client relationship as Vashawn Ingram does not return his calls or respond to his letters, and that continued representation of Vashawn Ingram would only serve to cause undue delay and prejudice to the other two plaintiffs, Keith Brockett and Aleida Rivera.

New York Rules of Professional Conduct Rule 1.16(c)(7), provides in pertinent parts that "a lawyer may withdraw from representing a client when…(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." The Court may grant a plaintiff attorney's motion to withdraw as counsel upon a demonstration of "good and sufficient cause for withdrawal, and that reasonable notice had been provided to plaintiffs." *Genn v. Ratnathicam*, 187 A.D.3d 539, 130 N.Y.S.3d 669 (1st Dept. 2020).

Here, plaintiffs' counsel satisfied the requirements to be relieved as counsel, in that he established good cause, and Vashawn Ingram was given notice by counsel having served the OSC and the accompanying papers via certified mail to Vashawn Ingram's last known address.

CPLR §603, which governs issues of severance and separate trials, states in pertinent part that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue." The granting of a "severance pursuant to CPLR §603 is a matter of judicial discretion which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking the severance." *Mothersil v. Town Sports Int'l*, 24 A.D.3d 424, 425, 804 N.Y.S.2d 687 (2nd Dept. 2005). The court may grant severance *sua sponte*. See generally, *Bennett v. State Farm Fire & Cas. Co.*, 181 A.D.3d 774, 122 N.Y.S.3d 321 (2nd Dept. 2020); S*ichel v. Cmty. Synagogue*, 256 A.D.2d 276, 682 N.Y.S.2d 382 (1st Dept. 1998); *ACP Master, Ltd. v. Vitro S.A.B. de C.V.*, 34 Misc. 3d 1201(A), 941 N.Y.S.2d 536, 536 (Sup Ct, NY County 2011). Granting severance where the prejudice of delay outweighs the inconvenience is not an abuse of discretion. *See, Golden v. Moscowitz*, 194 A.D.2d 385, 598 N.Y.S.2d 522 (1st Dept. 1993).

Here, Vashawn Ingram has failed to return counsel's calls, or respond to his letters, thereby causing a delay which will prejudice a substantial right of the remaining plaintiffs. Hence, severance *sua sponte* is appropriate and Vashawn Ingram may proceed with his action separately, should he choose to do so. It is hereby:

**ORDERED**, that the sixty (60) day stay of all further proceedings shall remain in effect, commencing from the date of the Order to Show Cause signed March 6, 2025; it is further

**ORDERED**, that the Order to Show Cause seeking to withdraw as counsel for plaintiff Vashawn Ingram is granted without opposition; it is further

**ORDERED**, that moving counsel shall serve a copy of this Order with Notice of Entry, upon Vashawn Ingram in the same manner the Order to Show Cause was served, or by regular mail, email, text message, or direct messaging via social media to an account belonging to Vashawn Ingram within

160742/2020  INGRAM, VASHAWN vs. CITY OF NEW YORK
Motion No. 002

Page 3 of 6

3 of 6

[* 3]

ten (10) days of the date of this Order, and file proof of service within ten (10) days after such service is completed; it is further

**ORDERED**, that together with the copy of this Order with Notice of Entry served upon Vashawn Ingram, moving counsel shall forward a notice directing Vashawn Ingram to appoint a substitute attorney within thirty (30) days from the date of service of said notice and Vashawn Ingram shall comply therewith, except that, in the event Vashawn Ingram intends to represent himself, he shall notify the Clerk of this Part of his decision, in writing, within said thirty (30) day period; it is further

**ORDERED**, that any new attorney retained by Vashawn Ingram in this matter shall file a Notice of Appearance with the Clerk of the General Clerk's Office and the Clerk of the Court within thirty (30) days from the date the notice to retain new counsel is served; it is further

**ORDERED**, that no further proceedings may be taken against Vashawn Ingram without leave of this Court for a period of thirty (30) days after service on Vashawn Ingram of the notice to appoint a substitute attorney is completed; it is further

**ORDERED**, that in furtherance of convenience and to prevent prejudicing the substantial rights of Keith Brockett and Aleida Rivera arising from Vashawn Ingram's unduly delayed participation in the present action, Vashawn Ingram is removed as a party in this action; it is further

**ORDERED**, that the action is severed and this proceeding shall continue against the defendants with respect to plaintiffs Keith Brockett and Aleida Rivera only; it is further

**ORDERED**, that, if appropriate, and upon payment of any appropriate fees along with service of a copy of this Order with Notice of Entry, the Clerk of the General Clerk's Office shall assign a separate index number to the severed action, and the caption of the severed action shall appear as follows:

160742/2020  INGRAM, VASHAWN vs. CITY OF NEW YORK                    Page 4 of 6
Motion No. 002

[* 4]                                    4 of 6

-----------------------------------------------------------------------------X

VASHAWN INGRAM,

Plaintiff,

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER "JOHN DOE #1", NEW YORK
CITY POLICE OFFICER "JOHN DOE #2", AND
NEW YORK CITY POLICE OFFICER "JOHN DOE
#3",

Defendants.

-----------------------------------------------------------------------------X

; it is further

**ORDERED**, that new counsel to plaintiff Vashawn Ingram shall file, under the new index

number to be assigned to the severed action, a copy of all papers previously filed under this action

that were filed prior to and through the date of this Order; it is further

**ORDERED**, that the caption of the present proceeding be amended as follows to reflect the

remaining plaintiffs, and all future papers filed with the Court shall bear this amended caption:

-----------------------------------------------------------------------------X

KEITH BROCKETT and ALEIDA RIVERA,

Plaintiffs,

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER "JOHN DOE #1", NEW YORK
CITY POLICE OFFICER "JOHN DOE #2", AND
NEW YORK CITY POLICE OFFICER "JOHN DOE
#3",

Defendants.

-----------------------------------------------------------------------------X

**160742/2020  INGRAM, VASHAWN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 5 of 6**

; it is further

**ORDERED**, that moving counsel, within twenty (20) days of the date of this Order, shall serve this Order with Notice of Entry on the Clerk of the Court, and file proof of said service within ten (10) days thereafter, and the Clerk of the Court is directed to update the Court's records to reflect the severance of the action as to plaintiff Vashawn Ingram and the amended caption; and it is further

**ORDERED**, that service of this Order upon the Clerk of the Court shall be made in hard-copy format if this action is a hard-copy matter, or if it is an e-file case, shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-filing" page on the court's website).

This constitutes the Decision and Order of the Court.

ENTER:

| April 29, 2025 | |
|---|---|
| DATE | HON. CAROL SHARPE, J.S.C. |

**HON. CAROL SHARPE J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160742/2020   INGRAM, VASHAWN vs. CITY OF NEW YORK
Motion No.  002

Page 6 of 6

6 of 6