■ ADMIRAL INDEMNITY COMPANY, as Subrogee of 441 East 57th Street Condominium, et al., Plaintiffs, v POPULAR PLUMBING & HEATING CORP., Defendant/Third-Party Plaintiff-Appellant. YEUNG's CONTRACTING LLC, Third-Party Defendant-Respondent. [7 NYS3d 78]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 20, 2014, which granted third-party defendant Yeung's Contracting LLC's (Yeung's) motion to sever the third-party action, unanimously affirmed, with costs.

In this action for property damage allegedly caused by a malfunction in a sprinkler system that was being repaired and/or renovated by defendant/third-party plaintiff Popular Plumbing & Heating Corp. (Popular), severance of the third-party action for contribution and indemnification was a proper exercise of discretion. Popular impleaded third-party defendant Yeung's more than one month after the note of issue was filed in the main action and provided no reasonable justification for its delay. Popular, which was hired by Yeung's to relocate some of the sprinkler heads, had a direct contractual relationship with Yeung's and was therefore aware of its identity and its role in the sprinkler replacement project from the outset. While the main action is trial-ready, there is outstanding discovery in the third-party action, including depositions and documentary discovery. If the actions are not severed, Yeung's will be prejudiced since it will be precluded from conducting meaningful discovery or from making dispositive motions (*see Torres v Visto Realty Corp.*, 106 AD3d 645 [1st Dept 2013]). Further, although the main action and the third-party action are based on the same nucleus of facts, they involve disparate issues of law. Contrary to Popular's argument, there is no possibility of inconsistent verdicts since Yeung's liability for common-law indemnification and contribution in the third-party action is contingent upon a finding that Popular is liable in the main action (*see id.*). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.