■ Jeffrey Maron et al., Respondents, v Magnetic Construction Group Corp. et al., Appellants, et al., Defendants. (And a Third Party Action.) [8 NYS3d 316]—

Order, Supreme Court, New York County (Debra A. James, J.), entered July 8, 2013, which, to the extent appealed from as limited by the briefs, denied defendants Magnetic Construction

Group Corp., Crosby Street Hotel, LLC, and 79 Crosby Street, LLC's (defendants) motion to compel plaintiffs to produce unredacted copies of their shareholder meeting minutes, unanimously affirmed, without costs. Order, same court and Justice, entered December 2, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for leave to renew, and, upon renewal, granted plaintiffs' motion to sever the third-party complaint, unanimously affirmed, without costs. Order, same court and Justice, entered May 27, 2014, which granted plaintiffs' motion to quash defendants' nonparty subpoenas, unanimously affirmed, without costs. Order, same court and Justice, entered June 17, 2014, which denied defendants' motion to vacate the note of issue, unanimously affirmed, without costs.

Plaintiffs satisfied their burden with respect to the applicability of the attorney-client privilege to the redacted portions of their meeting minutes (*see Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371, 378 [1991]). As the motion court found, plaintiffs were conservative with their redactions, and it is apparent from the face of the minutes that the redacted portions reflect communications by and with plaintiffs' attorney. The only reason for plaintiffs' attorney to be at the meetings at issue was to dispense legal advice.

In granting plaintiffs' motion to renew and, upon renewal, granting the motion to sever the third-party complaint, the court properly found that the third-party controversy would unduly delay the determination of the main action (*see* CPLR 1010). In its original denial of the motion to sever, the court had expressly given plaintiffs leave to renew their application if discovery in the third-party action was not complete by the time the main action was trial-ready. Upon plaintiffs' renewed application five weeks later, when discovery was complete and the main action trial-ready, the court found that defendants had done nothing to advance discovery in the third-party action.

The record supports the court's finding that defendants were dilatory in commencing the third-party action and in seeking discovery from the third-party defendants. Defendants served the subpoenas on the third-party defendants after the note of issue in the main action had been filed. Defendants failed to demonstrate any "unusual or unanticipated circumstances," or even the need for discovery from these nonparty entities, to warrant post-note of issue discovery (*see* 22 NYCRR 202.21 [d]; *Schroeder v IESI NY Corp.,* 24 AD3d 180 [1st Dept 2005]).

We have considered defendants' remaining contentions and

find them unavailing. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.