WVH Hous. Dev. Fund Corp. v Brooklyn Insulation & Soundproofing, Inc. (2021 NY Slip Op 02264)





WVH Hous. Dev. Fund Corp. v Brooklyn Insulation & Soundproofing, Inc.


2021 NY Slip Op 02264


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 651665/16 595183/20 Appeal No. 13580-13580A Case No. 2020-02847 2020-04832 

[*1]WVH Housing Development Fund Corporation, Plaintiff-Respondent,
v
Brooklyn Insulation and Soundproofing, Inc., Defendant-Appellant, Formactiv Architecture Design & Technology, P.C., et al., Defendants.
Brooklyn Insulation & Soundproofing, Inc., Third-Party Plaintiff-Appellant,
v
Fort-Cica Roofing & General Contractors, Inc., et al., Third-Party Defendants.


Gallo, Vitucci & Klar, New York (Yolanda L. Ayala of counsel), for appellant.
Lipsius-BenHaim Law LLC, Kew Gardens (Alexander J. Sperber of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 10, 2020, which denied defendant/third-party-plaintiff Brooklyn Insulation & Soundproofing, Inc.'s motion to strike the note of issue in the main action, compel further discovery therein, and extend the deadline for filing summary judgment motions, unanimously modified, on the law and the facts, to compel plaintiff to respond to defendant's outstanding discovery demands related to the claims raised in the main action, and sever the third-party action from the main action, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about October 13, 2020, which denied defendant's motion for leave to file a second amended answer, unanimously affirmed, without costs.
Defendant's motion to strike plaintiff's note of issue was timely interposed within 20 days of the filing of the note of issue, and defendant correctly noted a misstatement in the certificate of readiness to the effect that discovery was complete, when, in fact, plaintiff owed discovery demand responses, as well as post-deposition demand responses, and moreover, had not produced a witness knowledgeable as to its damage claims for defendant to depose (see 22 NYCRR 202.21[e]; Ruiz v Park Gramercy Owners Corp., 182 AD3d 471 [1st Dept 2020]; Schroeder v IESNI NY Corp., 24 AD3d 180 [1st Dept 2005]). Discovery in the main action, although long delayed by dilatory conduct attributable to both parties, is nonetheless nearly completed. A court, in its discretion, may allow post-note of issue discovery without vacating the note of issue as long as prejudice to either party would not result (see Cuprill v Citywide Towing & Auto Repair Servs., 149 AD3d 442 [1st Dept 2017]). Here, there is no prejudice alleged nor do we perceive any in keeping the note of issue in place.
The third-party action was belatedly commenced on the date plaintiff filed its note of issue in the main action, notwithstanding that defendant had reason to long know of third-party defendants' involvement in the transactions at issue. As there has been no discovery conducted in the third-party action to date, and the main action, commenced in 2016, is near trial ready, the third-party action should be severed, as the motion court proposed, particularly as plaintiff would be prejudiced by defendant's inexcusable delay in bringing the third-party action at this late stage. There is also no record that defendant alerted the court of its intent to commence a third-party action when the discovery deadlines were set.
Defendant's motion to amend its first amended answer was properly denied as it was unclear from the moving papers submitted what specific amendments were intended (see CPLR 3025[b]; compare Dogwood Residential, LLC v Stable 49, Ltd., 159 AD3d 490 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021