**Heneghan v Moynihan Sta. Dev. Corp.**

2024 NY Slip Op 32333(U)

July 9, 2024

Supreme Court, New York County

Docket Number: Index No. 162411/2019

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. RICHARD TSAI__                    PART                    21
                                    *Justice*

-------------------------------------------------------------------------X

VINCENT HENEGHAN and COLLEEN HENEGHAN,

|  |  |
|---|---|
| INDEX NO. | 162411/2019 |
| MOTION DATE | 12/08/2023 |
| MOTION SEQ. NO. | 003 |

Plaintiffs,

- v -

MOYNIHAN STATION DEVELOPMENT CORPORATION,
EMPIRE STATE DEVELOPMENT CORPORATION, MTA
CAPITAL CONSTRUCTION, METROPOLITAN
TRANSPORTATION AUTHORITY and NEW YORK CITY
TRANSIT AUTHORITY,

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------X

MOYNIHAN STATION DEVELOPMENT CORPORATION,
EMPIRE STATE DEVELOPMENT CORPORATION, MTA
CAPITAL CONSTRUCTION, METROPOLITAN
TRANSPORTATION AUTHORITY and NEW YORK CITY
TRANSIT AUTHORITY,

Third-Party
Index No. 595637/2022

Third-Party Plaintiffs,

-against-

E-J ELECTRICAL INSTALLATION COMPANY,

Third-Party Defendant.

-------------------------------------------------------------------------X

E-J ELECTRICAL INSTALLATION COMPANY,

Fourth-Party Plaintiff,

-against-

ALLRAN ELECTRIC OF NY, LLC,

Fourth-Party Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 19, 84, 94-122

were read on this motion to                    SEVER ACTION                    .

**162411/2019   HENEGHAN, VINCENT vs. MOYNIHAN STATION DEVELOPMENT
  Motion No.  003**

**Page 1 of 5**

1 of 5

In this action, plaintiff alleges that, on September 25, 2018, he allegedly slipped and fell on pipes, dirt, debris and refuse while working on the Moynihan Station renovation projection, located at 380 9th Avenue in Manhattan.

Plaintiffs now move to sever the third and fourth-party actions from the main action. Defendants/third-party plaintiffs Moynihan Station Development Corporation, Empire State Development Corporation, MTA Capital Construction, Metropolitan Transportation Authority and New York City Transit Authority (collectively, Transit Defendants) oppose the motion. Third-party defendant/fourth-party plaintiff E-J Electrical Installation Company and fourth-party defendant Allan Electric of NY, LLC submit papers in support of the motion.

## BACKGROUND

One month after the note of issue was filed on July 13, 2022, defendants commenced a third-party action against E-J Electrical Installation Company (EJEIC) for contribution, common-law indemnification, contractual indemnification, and breach of contract for failure to procure insurance (*see* NYSCEF Doc. No. 19). On March 7, 2023, EJEIC commenced a fourth-party action against Allran Electric of NY, LLC (Allran Electric) for contribution, contractual indemnity, common-law negligence, and failure to procure insurance (*see* NYSCEF Doc. No. 84).

This is the second motion to sever in this action. On or about August 23, 2023, another justice of the Supreme Court denied a prior motion to sever, reasoning:

> "Although this Court recognizes that the Third-Party action was not commenced until after the note of issue was filed, and approximately one year after the completion of party depositions, in light of the fact that all parties were permitted additional time to complete the discovery as per the December 15, 2022 Order, the motion to sever is denied without prejudice with leave to renew if all discovery is not completed by November 30, 2023" (Seq. No. 002 Decision and Order [NYSCEF Doc. No. 86] at 2).

On December 8, 2023, plaintiffs brought this motion, asserting in reference to the above decision and order, "Not only has discovery not been completed in the third-party actions, nothing has been done, and certainly no depositions!" (affirmation in support of motion [NYSCEF Doc. No. 95] ¶ 10).

In opposing the motion, Transit Defendants do not deny plaintiffs' assessment of the status of discovery in third and fourth party actions but argue that "[w]hile it is unfortunate that an Answer to the fourth-party action was only recently interposed, it is submitted that the prejudice that would result from a severance of the third and fourth-party actions . . . is substantial and need not be faced should all actions remain together, as one" (affirmation in opposition [NYSCEF Doc. No. 115] ¶ 7).

**162411/2019   HENEGHAN, VINCENT vs. MOYNIHAN STATION DEVELOPMENT**                    **Page 2 of 5**
**Motion No.  003**

2 of 5

[* 2]

## DISCUSSION

CPLR 1010 provides:

"The court may dismiss a third-party complaint without prejudice, order a separate trial of the third-party claim or of any separate issue thereof, or make such other order as may be just. In exercising its discretion, the court shall consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party."

Here, severance of the third and fourth-party actions is appropriate, given that the Transit Defendants "ha[ve] done nothing to advance discovery in the third-party action" (*Maron v Magnetic Constr. Group Corp.*, 128 AD3d 426, 427 [1st Dept 2015]); *see also South v Metropolitan Transp. Auth.*, 176 AD3d 447, 448 [1st Dept 2019] ["Given defendants' unexplained, extensive delays in commencing the third-party actions after discovery had been completed and the trial-ready posture of all three main actions, Iron Bridge's motion to sever the third-party actions as against it should have been granted"]).

On the one hand, the third-party and fourth-party actions might share common issues of fact of law with the main action, to the extent that the pipes, dirt, debris and refuse upon which plaintiff allegedly tripped was caused or created by EJEIC and/or Allran Electric. On the other hand, it has been almost two years since the third-party complaint was filed, and the parties have not made any significant progress in third-party discovery to determine the involvement, if any, of EJEIC or Allran Electric. "[N]otwithstanding the desirability of trying these cases together," any further delay of the trial will unfairly prejudice the plaintiffs (*Pena v City of New York*, 222 AD2d 233, 233 [1st Dept 1995]). The substantial prejudice to plaintiffs due to the delay attributable to the lack of meaningful discovery in the third-party and fourth-party actions now outweighs the risk of inconsistent factual determinations that would result from severance.

However, if discovery is completed in the third and fourth-party actions before the trial of the main action occurs, any party in the newly severed action may make an appropriate motion to have the newly severed third and fourth-party actions joined with the main action for trial.

## CONCLUSION

Upon the foregoing documents, it is hereby **ORDERED** that the motion by plaintiffs to sever the third and fourth-party actions is **GRANTED** and the third and fourth-party actions shall be severed from the main action; and it is further

**ORDERED** that the main action shall bear the following caption:

**162411/2019   HENEGHAN, VINCENT vs. MOYNIHAN STATION DEVELOPMENT**                    **Page 3 of 5**
**Motion No.  003**

3 of 5

-------------------------------------------------------------------------X
VINCENT HENEGHAN and COLLEEN HENEGHAN,

                              Plaintiffs,            Index No.: 162411/2019

        - against -

MOYNIHAN STATION DEVELOPMENT CORPORATION,
EMPIRE STATE DEVELOPMENT CORPORATION,
MTA CAPITAL CONSTRUCTION, METROPOLITAN
TRANSPORTATION AUTHORITY and NEW YORK
CITY TRANSIT AUTHORITY,

                              Defendants.
-------------------------------------------------------------------------X

And it is further

      **ORDERED** that third-party and fourth-party plaintiffs shall file any documents and pay any fees with the clerk to effectuate the severance under index number 595637/2022, and shall file an RJI indicating that the action bearing index no. 162411/2019 is a related case so that the newly severed action is brought before this court; and it is further

      **ORDERED** that the third-party and fourth-party summons and complaint and answer in the instant action shall be the pleadings in the newly severed action; and it is further

      **ORDERED** that the former third-party and fourth party actions shall bear the following caption:

-------------------------------------------------------------------------X
MOYNIHAN STATION DEVELOPMENT CORPORATION,
EMPIRE STATE DEVELOPMENT CORPORATION,
MTA CAPITAL CONSTRUCTION, METROPOLITAN
TRANSPORTATION AUTHORITY and NEW YORK
CITY TRANSIT AUTHORITY,

                              Plaintiffs,            Index No.: 595637/2022

        - against -

E-J ELECTRICAL INSTALLATION COMPANY,

                              Defendant.
-------------------------------------------------------------------------X

**162411/2019   HENEGHAN, VINCENT vs. MOYNIHAN STATION DEVELOPMENT**        **Page 4 of 5**
  **Motion No.  003**

4 of 5

[* 4]

E-J ELECTRICAL INSTALLATION COMPANY,

Third-Party Plaintiff,

- against -

ALLRAN ELECTRIC OF NY, LLC,

Third-Party Defendant.

-------------------------------------------------------------------------X

And it is further

**ORDERED** that movant shall serve a copy of this order with notice of entry on the County Clerk and the Clerk of the General Clerk's Office, who shall mark their records to reflect the change in the caption in the main action and who shall mark the actions severed, assign a new index number to the newly severed action if necessary, upon the payment of any necessary fee, and assign the newly severed action to this court for the completion of discovery; and it is further

**ORDERED** that such filing with the County Clerk and Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in Section J of the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf); and it is further

**ORDERED** that if discovery is completed in the newly severed action before trial of the main action, any party in the newly severed action may then move to have the newly severed action joined for trial with the main action.

This constitutes the decision and order of the court.

20240709191825RTSAIB70D3CA6BD2B4878A78EE0932794928B

| 7/9/2024 | | | | RICHARD TSAI, J.S.C. | |
|----------|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**162411/2019   HENEGHAN, VINCENT vs. MOYNIHAN STATION DEVELOPMENT**
**Motion No.  003**

Page 5 of 5

5 of 5