| One Bryant Park v Permasteelisa Cladding Tech., Ltd |
|:---:|
| 2024 NY Slip Op 32975(U) |
| August 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450151/2018 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARGARET A. CHAN**

PART     49M

*Justice*

-------------------------------------------------------------------X

ONE BRYANT PARK, DURST DEVELOPMENT, LLC, TISHMAN CONSTRUCTION CORP.,

         Plaintiff,

- v -

PERMASTEELISA CLADDING TECHNOLOGIES, LTD, PERMASTEELISA NORTH AMERICA CORP.,

         Defendant.

-------------------------------------------------------------------X

PERMASTEELISA CLADDING TECHNOLOGIES, LTD, PERMASTEELISA NORTH AMERICA CORP.

         Plaintiff,

-against-

TOTAL SAFETY CONSULTING, LLC

         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450151/2018 |
| MOTION DATE | 02/20/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596020/2023

The following e-filed documents, listed by NYSCEF document number (Motion 002) 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 152, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172

were read on this motion to/for                  DISMISSAL                    .

       This matter arises from an underlying Labor Law action filed by an injured construction worker, Robert McCullough, against defendants One Bryant Park, Durst Development, LLC,[1] Tishman Construction Corp. (collectively, Bryant Park), and a non-party here, Component Assembly Systems, Inc. (Component), under Index No. 113802/2009 (the McCullough case). More than six years after the commencement of the McCullough case, Bryant Park impleaded Permasteelisa Cladding Technologies, Ltd. and Permasteelisa North America Corp. (together, Permasteelisa) into the McCullough case as third-party defendants on May 17, 2016. On plaintiff McCullough's motion, the third-party action was severed by order dated August 31, 2016, and Bryant Park was to file an RJI within 20 days of the Order (see NYSCEF # 132, Decision and Order of this court dated March 29, 2019, at

---

[1] Durst Development, LLC was dismissed from the case after the jury trial in the McCullough case (see NYSCEF # 132, Decision and Order of this court dated March 29, 2019, at 2).

450151/2018  ONE BRYANT PARK vs. PERMASTEELISA CLADDING
Motion No. 002

Page 1 of 4

1 of 4

1). The instant matter was restored to active calendar on January 29, 2018. Almost six years later, on November 10, 2023, Permasteelisa, defendant in the instant matter, impleaded Total Safety Consulting, LLC a/k/a Total Safety Consultants, LLC (TSC) as third party defendant, seeking common law indemnification and contribution, among other relief from TSC (NYSCEF # 98). TSC was the safety consultant that Bryant Park had hired for the construction project. TSC filed its Answer to the Third-Party Complaint on January 3, 2024, and now moves to dismiss Permasteelisa's third-party action or, alternatively, to sever it from the current case. Permasteelisa opposes this motion.

## BACKGROUND

In the underlying McCullough case, Robert McCullough was employed by Tower Installation to install curtain wall panels that were manufactured by Permasteelisa for Bryant Park's construction project. McCullough's case concluded after a jury trial. At the time the jury trial took place in the McCullough case, the third-party action between Bryant Park and Permasteelisa had been severed.

Bryant Park's case against Permasteelisa for contribution and indemnification continues with Permasteelisa impleading TSC for the same. In arguing for dismissal or, alternatively, to sever the third-party action pursuant to CPLR 603 and 1010, TSC points to the lateness of Permasteelisa's impleader, which is also in violation of this court's order dated May 25, 2023 (NYSCEF # 123, TSC's MOL ¶'s 1-2). The May 25 order set a time for Permasteelisa to implead a party to 45 days after depositions are complete; depositions were to be completed by July 29, 2023 (*id.* ¶ 2). TSC calculates the deadline for any impleader action as August 13, 2023 (*id.*). Permasteelisa impleaded TSC on November 10, 2023, three months past the deadline. TSC notes that the note of issue was to be filed on May 31, 2024, and TSC has not had a chance to conduct discovery (*id.* ¶ 4).

Permasteelisa, on the other hand, claims that it timely impleaded TSC and that Permasteelisa could not have impleaded TSC absent the deposition of a certain witness. Permasteelisa asserts that during the eight years this case has been ongoing—since its severance from the McCullough action on August 31, 2016—it did not have a good faith basis to believe that TSC was involved, until the deposition of Thomas Duffe on August 23, 2023 (Plfts' MOL at ¶ 12). Permasteelisa notes that its former counsel, Cullen & Dykman, identified a conflict of interest with TSC, which prevented them from proceeding. As a result, Permasteelisa had to wait until new counsel, Fitzpatrick, Hunt & Pagano (FitzHunt), took over the case. Permasteelisa states that FitzHunt did not receive the case materials until September 29, 2023, and needed time to review them before filing the impleader on November 10, 2023 (*id.* ¶ 22).

As to why Permasteelisa delayed in impleading TSC, Permasteelisa claims that it did not and could not have known to implead TSC until after it deposed a certain witness. Finally, as TSC posits, there is no justification for Permasteelisa's delayed impleader, especially since Permasteelisa was likely aware of TSC's involvement at the job site, as both parties were present at the same time (TSC's MOL ¶ 11). However, TSC counters that the parties worked at the same job site (Glaws Aff. ¶ 41), which should have been a clear indication of TSC's involvement. Moreover, Permasteelisa's counsel referenced the McCullough action's index number in his affirmation (Vincent Aff. ¶ 25), indicating that he

**450151/2018   ONE BRYANT PARK vs. PERMASTEELISA CLADDING**                          **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

had full access to the public documents and could have easily discovered that TSC was served in that action as early as 2013 (Index No. 113802/2009 – NYSCEF # 40). To TSC, Permasteelisa's claims of an unexpected change of counsel and lack of a good faith basis for knowing TSC's involvement over the course of eight years are unconvincing and do not constitute a "reasonable justification for its delay" (*Admiral Indemn. Co.*, 137 AD3d 419).

Permasteelisa claims that TSC's basis for dismissal or severance is insufficient given the minimal discovery in this action, and the abundance of evidence available in the underlying personal injury case. Finally, Permasteelisa claims that it would be prejudiced by a severance because Bryant Park specifically hired TSC to maintain a safe workplace.

## DISCUSSION

Pursuant to CPLR 603 and 1010, the court has discretion to sever claims or to dismiss third-party complaints without prejudice. In exercise of this discretion, "the court shall consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party." (CPLR 1010).

As of February 20, 2024, the date that TSC filed the instant motion, the note of issue marking the end of discovery in the main case was scheduled for May 31, 2024 (*id.* ¶ 10; NYSCEF # 112, January 18, 2024 Conference Order). Since then, the note of issue was extended several times to, at the time of this order, August 29, 2024 (see NYSCEF ## 173, 179, 180, Conference Orders extending the note of issue date). Despite the approaching note of issue due date, TSC contends that all of the discovery has essentially been completed in the instant action (Defts' MOL ¶ 10). TSC therefore claims that it did not have a reasonable opportunity to participate in discovery (*id.*).

Courts routinely sever cases from the main action when a third-party is impleaded after the note of issue date and the third-party defendant has no opportunity to conduct discovery. However, this factor alone does not mandate severance and only informs the court's discretion (*see WVH Housing Development Fund Corp. v Brooklyn Insulation Soundproofing, Inc.*, 193 AD3d 523 [1st Dept 2021] [affirming the trial court's order to sever on the grounds that, for one, "the third-party action was belatedly commenced on the date plaintiff filed its note of issue in the main action, notwithstanding that defendant had reason to long know of third-party defendants' involvement in the transactions at issue"]). Courts also consider if there is a reasonable justification for the delay (*see Admiral Indemn. Co. v Popular Plumbing & Heating Corp.*, 127 AD3d 419 [1st Dept 2015] [affirming trial court's order to sever on the grounds that, *inter alia*, third-party plaintiff "impleaded third-party defendant ... more than one month after the note of issue was filed in the main action and provided no reasonable justification for its delay"]).

Here, assuming that the note of issue will be filed on August 29, 2024, and if the third-party action is not severed, there will be outstanding discovery in the third-party action, which will likely delay bringing the plaintiff's case to trial. If a third-party action causes prejudice to the plaintiff, it may be proper for the court to sever "notwithstanding the desirability of trying [the] cases together" (*Pena v City of New York*, 222 AD2d 233 [1st Dept 1995]). Given that the third-party complaint invokes contracts between the owner and

450151/2018  ONE BRYANT PARK vs. PERMASTEELISA CLADDING
Motion No.  002

Page 3 of 4

TSC, and between the general contractor and TSC (NYSCEF # 98, Third-party complaint ¶¶ 35-52), there will be third-party discovery as this type of discovery was not within the realm of the Bryant Park's case since TSC was not a party). As such, it is plausible that plaintiff will be back on the discovery track.

TSC also asserts that the claims in the main action differ from those in the third-party action in that Permasteelisa seeks contribution and common law indemnification in the third-party action, whereas the main case involves claims under New York Labor Law, common law negligence, and personal injury (*id.* ¶ 14). Presumably, TSC sees a revisiting of the negligence causes of action in the underlying personal injury case (*id.* ¶15). This would inevitably delay the main action that could prejudice plaintiff (*Rothstein v Milleridge Inn, Inc.*, 251 AD2d 154, 155 [1st Dept 1998]). And even if the issues were common in both the main action and the third-party action, severance is warranted if plaintiff is prejudiced by further delay (*Garcia v Gesher Realty Corp*, 280 AD2d 440).

In sum, given the protraction of this 2018 case stemming from a 2009 personal injury case in which TSC was not a party, the better course for Permasteelisa's third-party action is to sever it from Bryant Park's main case. And, as TSC suggests, severing the action would serve judicial economy, as a ruling in Permasteelisa's favor or a determination that Permasteelisa is only liable for its equitable share of damages would render the action against TSC moot (TSC's MOL ¶ 15). Given this determination, TSC's remaining argument on Permasteelisa's late impleader is in violation of the court order dated May 25, 2023 is academic.

Accordingly, it is hereby

ORDERED that third-party defendant Total Safety Consulting, LLC's motion for an order of severance is granted; and it is further

ORDERED that upon receipt of this Order, the Trial Support Office shall sever the third party action; and it is further

ORDERED that counsel for third-party plaintiff shall file an RJI with the Trial Support Office within 20 days of the e-filing of this Decision and Order; and it is further

ORDERED that counsel for third-party plaintiff shall serve a copy of this Order upon the County Clerk within 20 days, and the County Clerk, upon receipt of this Order shall issue a no-fee RJI for the severed action.

| 8/22/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **MARGARET A. CHAN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

450151/2018   ONE BRYANT PARK vs. PERMASTEELISA CLADDING
Motion No.  002

Page 4 of 4

[* 4]