**Poblocki v Port Auth. of N.Y. & N.J.**

2025 NY Slip Op 31199(U)

April 8, 2025

Supreme Court, New York County

Docket Number: Index No. 159797/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:   **HON. ARLENE P. BLUTH** | PART                     14 |
| *Justice* | |

-----------------------------------------------------------------------------X

YVONNE POBLOCKI,

                      Plaintiff,

          - v -

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, MCR DEVELOPMENT LLC,TURNER
CONSTRUCTION COMPANY,

                      Defendant.

-----------------------------------------------------------------------------X

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
MCR DEVELOPMENT LLC, TURNER CONSTRUCTION
COMPANY

                      Plaintiff,

          -against-

DOOLEY ELECTRIC COMPANY, INC.

                      Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159797/2019 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595649/2024

The following e-filed documents, listed by NYSCEF document number (Motion 001) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78

were read on this motion to/for                          SEVER                .

        Dooley Electric Company, Inc. ("Movant")'s motion to sever the third-party action is

granted.

**Background**

        In this construction accident at JFK airport, Movant (plaintiff's employer) seeks to sever

the third-party action on the ground that although discovery is nearly completed, Movant has not

had a chance to participate. It points out it was only added to this case as a third-party defendant

    159797/2019   POBLOCKI, YVONNE vs. PORT AUTHORITY OF NEW          Page 1 of 4
    Motion No.  001

1 of 4

on July 2, 2024 and so it would suffer sever prejudice if the third-party case were to proceed to trial at the pace set long ago.

Movant observes that it answered the third-party complaint on January 22, 2025 after requesting an adjournment to answer and that the note of issue deadline is April 10, 2025. It argues that severance is required under these circumstances.

In opposition, defendants argue that Movant failed to timely serve an answer to the third-party complaint and that, following a discussion between the attorneys for defendants and Movant, the parties eventually agreed to extend Movant's time to answer. Defendants stress that they expressly agreed not to move for a default judgment on the ground that Movant had apparently ceased business operations and that its insurer wanted time to review the third-party complaint. They maintain that they sent a copy of all discovery (prior pleadings, transcripts etc.) to Movant on January 27, 2025.

Plaintiff agrees with the motion to sever and complains that she is supposed to file a note of issue by April 10, 2025. She contends that the drain she tripped over had nothing to do with her work for Movant and that there will be no prejudice to defendants by severing. Plaintiff observes that she has already been deposed twice.

**Discussion**

CPLR 1010 provides that "The court may dismiss a third-party complaint without prejudice, order a separate trial of the third-party claim or of any separate issue thereof, or make such other order as may be just. In exercising its discretion, the court shall consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party."

159797/2019   POBLOCKI, YVONNE vs. PORT AUTHORITY OF NEW
Motion No.  001

Page 2 of 4

The Court grants the motion. The fact is that "the third-party controversy would unduly delay the determination of the main action" (*Maron v Magnetic Const. Group Corp.*, 128 AD3d 426, 427 [1st Dept 2015]). Defendants failed to cite a sufficient reason for waiting nearly five years to commence a third-party action against plaintiff's employer. Defendants' attempt to blame the COVID-19 pandemic is not adequate because the pandemic is not a catch-all excuse nor is there any basis to find that the pandemic justifies the failure to take action in 2023 or 2024 (well after any pandemic-related restrictions were lifted).

Simply put, there is no support for defendants' claim that they needed so many years to figure out and then decide to name plaintiff's employer as a third-party defendant. Nor is there any specific justification for why, suddenly, defendants decided to start a third-party action as discovery was nearing its completion in the main action. Defendants did not, for instance, point to recently discovered evidence that justified the timing of this recent third-party action. And defendants did not satisfactorily address why they started a third-party action but have not actively pursued any discovery from the third-party defendant. Defendants have not made any motions concerning outstanding third-party discovery.

The result of defendants' delay is that, if the instant motion is not granted, plaintiff will now have to wait even longer to get on the trial calendar for an accident that happened on January 29, 2019. Of course, nothing prevents defendants or Movant from making a proper motion for a joint trial should they complete third-party discovery before the main action proceeds to trial.

Accordingly, it is hereby

ORDERED that motion to sever the third-party action is granted; and it is further

159797/2019   POBLOCKI, YVONNE vs. PORT AUTHORITY OF NEW        Page 3 of 4
Motion No.  001

3 of 4

[* 3]

ORDERED that the third-party action is severed and defendants shall purchase an index number for this severed action, which shall proceed under the index number assigned therein under the same caption and that all papers in the third-party action shall be e-filed under such index number; and it is further

ORDERED that movant is directed to serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office within ten days from entry; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).

| 4/8/2025 | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED  ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159797/2019  POBLOCKI, YVONNE vs. PORT AUTHORITY OF NEW        Page 4 of 4
Motion No.  001

4 of 4