## McIntyre v NewYork-Presbyterian Global Servs., LLC

2025 NY Slip Op 32328(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 152854/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**     PART     **33M**

*Justice*

-------------------------------------------------------------------X

BRIAN MCINTYRE,

           Plaintiff,

      - v -

NEWYORK-PRESBYTERIAN GLOBAL SERVICES, LLC,TURNER CONSTRUCTION COMPANY,

           Defendant.

-------------------------------------------------------------------X

NEWYORK-PRESBYTERIAN GLOBAL SERVICES, LLC, TURNER CONSTRUCTION COMPANY

           Plaintiff,

      -against-

CARDOZA PLUMBING CORP.

           Defendant.

-------------------------------------------------------------------X

NEWYORK-PRESBYTERIAN GLOBAL SERVICES, LLC, TURNER CONSTRUCTION COMPANY

           Plaintiff,

      -against-

ADCO ELECTRIC CORPORATION

           Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152854/2021 |
| MOTION DATE | 03/25/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595210/2023

Second Third-Party
Index No. 595285/2025

The following e-filed documents, listed by NYSCEF document number (Motion 002) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 83, 84, 85

were read on this motion to/for          SEVER ACTION          .

      Upon the foregoing documents, and after a final submission date of May 20, 2025, Plaintiff

Brian McIntyre's motion to sever the Second Third-Party Complaint is granted. Pursuant to a status

conference held on February 26, 2025, the parties memorialized that all discovery was complete

152854/2021   MCINTYRE, BRIAN vs. NEWYORK-PRESBYTERIAN GLOBAL SERVICES, LLC ET AL
Motion No. 002

Page 1 of 4

1 of 4

[* 1]

aside from the exchange of the parties' independent medical exam reports (NYSCEF Doc. 64). Because the only discovery remaining was the exchange of expert reports, and given the age of the case, the Court allowed the exchange of independent medical exam reports to take place after the parties' deadline to file the note of issue, which was March 26, 2025. As a result, Plaintiff filed his note of issue on February 27, 2025. Nonetheless, Defendants/Third-Party Plaintiffs/Second Third-Party Plaintiffs New York Presbyterian Global Services, LLC and Turner Construction Company ("Defendants/Second Third-Party Plaintiffs") did not file their Second Third-Party Complaint until March 18, 2025 (NYSCEF Doc. 54). Plaintiff now moves to sever the Second Third-Party Complaint. In motion sequence 003, Second Third-Party Defendant Adco Electric Corporation ("Adco") also moves to sever the Second Third-Party Complaint. Defendants/Second Third-Party Plaintiffs oppose. For the following reasons, Plaintiff's motion is granted.

Despite this action being conferenced at least seven times over the span of years, and despite having filed a third-party complaint in 2023, Defendants/Second Third-Party Plaintiffs never put the Court on notice of their intention to file a Second Third-Party Complaint. There is no reasonable excuse for Defendants/Second Third-Party Plaintiffs dilatory actions. Defendants/Second Third-Party Plaintiffs are the alleged owner and general contractor of the construction site where Plaintiff was injured – their assertion that they did not know about Adco's existence until 2025 is disingenuous. As general contractor, Defendants/Second Third-Party Plaintiffs should have or could have known about Adco's existence if the proper diligence had been exercised. Indeed, Defendants/Second Third-Party Plaintiffs specifically allege in the Second Third-Party Complaint that there exists a contract between Adco and Defendants/Second Third-Party Plaintiffs, and that Adco was to insure Defendants/Second Third-Party Plaintiffs, highlighting their knowledge of Adco's existence and presence on the site.

152854/2021   MCINTYRE, BRIAN vs. NEWYORK-PRESBYTERIAN GLOBAL SERVICES, LLC ET AL
Motion No. 002

Page 2 of 4

Moreover, at the February 26, 2025 status conference all parties agreed that discovery in the main action and the first third-party action was complete, and the note of issue was filed prior to the Second Third-Party Complaint being filed.

Given this posture, the Court finds that allowing the Second Third-Party Complaint to stand would be unduly prejudicial to Plaintiff in delaying his trial (*see, e.g. WVH Housing Dev. Fund Corp. v Brooklyn Insulation and Soundproofing, Inc.*, 193 AD3d 523, 523-24 [1st Dept 2021]; *Maron v Magnetic Const. Group Corp.*, 128 AD3d 426, 427 [1st Dept 2015]; *Torres v Cisto Realty Corp.*, 106 AD3d 645 [1st Dept 2013]). It would also prejudice the Second Third-Party Defendant Adco, who was brought into this action after years of discovery (*Lopez v Halletts Astoria LLC*, 205 AD3d 573, 574 [1st Dept 2022]). Nor is there any risk of inconsistent verdicts as Adco's liability is contingent on a finding of liability against Defendants/Second-Third Party Plaintiffs (*see also Admiral Indem. Co. v Popular Plumbing & Heating Corp.*, 127 AD3d 419 [1st Dept 2015]). Therefore, Plaintiff's motion is granted.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion to sever the Second Third-Party Complaint is granted, and the Second Third-Party Action bearing Index No. 595285/2025 is severed from the main action bearing Index No. 152854/2021 and the Third-Party Action bearing index No. 595210/2023; and it is further

ORDERED that within ten days of entry, Plaintiff shall serve a copy of this order with notice of entry on the Clerk of this Court (60 Centre Street, Room 141B); and it is further

ORDERED that Plaintiff shall serve a copy of this Decision and Order with notice of entry on all parties in this action via NYSCEF, and shall serve notice of entry on the office of the General Clerk in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk*

152854/2021 MCINTYRE, BRIAN vs. NEWYORK-PRESBYTERIAN GLOBAL SERVICES, LLC ET AL
Motion No. 002

Page 3 of 4

3 of 4

*Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website), and it is further

ORDERED that the Clerk of this Court, upon service of a copy of this order with notice of entry, shall sever the Second Third-Party Action bearing Index No. 595285/2025 from the main action bearing Index No. 152854/2021 and the Third-Party Action bearing index No. 595210/2023, and the Clerk of the Court shall record such action in the Clerk's records; and it is further

ORDERED that the Clerk of this Court shall amend the caption to remove the Second Third-Party Action; and it is further

ORDRED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 7/1/2025 | May V Ros, + JSC |
|---|---|
| **DATE** | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | x | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152854/2021    MCINTYRE, BRIAN vs. NEWYORK-PRESBYTERIAN GLOBAL SERVICES, LLC ET AL    Page 4 of 4
Motion No. 002

4 of 4