| |
|---|
| **Melendez v New York Univ.** |
| 2025 NY Slip Op 32803(U) |
| August 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158225/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO              PART             33M

                                                 *Justice*

-----------------------------------------------------------------------X

WILLIE MELENDEZ,

                   Plaintiff,

              - v -

NEW YORK UNIVERSITY, TURNER CONSTRUCTION
COMPANY,

                   Defendant.

-----------------------------------------------------------------------X

NEW YORK UNIVERSITY, TURNER CONSTRUCTION
COMPANY

                   Plaintiff,

              -against-

ADCO ELECTRICAL CORP.

                   Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158225/2021 |
| MOTION DATE | 05/15/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595288/2025

The following e-filed documents, listed by NYSCEF document number (Motion 003) 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 122, 131, 132, 133, 134, 135, 136, 137, 138, 144

were read on this motion to/for                        **SEVER**                  .

Upon the foregoing documents, and after a final submission date of August 1, 2025, Third-Party Defendant Adco Electrical Corp.'s ("Adco") motion to dismiss Defendants/Third-Party Plaintiffs New York University and Turner Construction Company's (collectively "Third-Party Plaintiffs") Third-Party Complaint, or alternatively to sever the third-party action, is granted in part and denied in part.

This action was commenced via summons and Complaint on September 3, 2021 (NYSCEF Doc. 1). The preliminary conference was held on August 24, 2022 (NYSCEF Doc. 14). Several compliance and status conferences took place in the following years, and on January 23, 2025,

158225/2021   MELENDEZ, WILLIE vs. NEW YORK UNIVERSITY ET AL
Motion No. 003

Page 1 of 4

Plaintiff filed the note of issue (NYSCEF Doc. 64). It was not until March 18, 2025, that Third-Party Plaintiffs filed the Third-Party Complaint which is the subject of the instant motion (NYSCEF Doc. 90). On May 15, 2025, Adco appeared and moved to dismiss the Third-Party Action, or, alternatively, to sever it. Given the years long delay in impleading Adco, and because the note of issue was filed several months prior to the filing of the Third-Party Complaint, the Court finds there is ample reason to sever the third-party action from the main action.

Third-Party Plaintiffs never put the Court on notice of their intention to file a third-party action despite years of case management conferences, and Third-Party Plaintiffs have proffered no reasonable excuse for their years-long delay in filing the Third-Party Action. Third-Party Plaintiffs admit they knew about Adco's existence and Adco's alleged responsibility to indemnify or insure Third-Party Plaintiffs by March 26, 2024 the latest, as that is the date Third-Party Plaintiffs sent a tender letter to Adco and its insurer (NYSCEF Doc. 133). There is no excuse, therefore, why Third-Party Plaintiffs waited another year before initiating the Third-Party Action. Nor do the Third-Party Plaintiffs explain why despite taking Plaintiff's deposition in May and July of 2023, they waited approximately two years to initiate a third-party complaint based on a theory that Adco caused or contributed to Plaintiff's accident. Further, at this point the note of issue has been filed and the only further discovery allowed is limited post-note of issue discovery related to Plaintiff's medical condition.

Given this posture, the Court finds that allowing the Third-Party Complaint to stand would be unduly prejudicial to Plaintiff in delaying his trial (*see, e.g. WVH Housing Dev. Fund Corp. v Brooklyn Insulation and Soundproofing, Inc.*, 193 AD3d 523, 523-24 [1st Dept 2021]; *Maron v Magnetic Const. Group Corp.*, 128 AD3d 426, 427 [1st Dept 2015]; *Torres v Cisto Realty Corp.*, 106 AD3d 645 [1st Dept 2013]). It would also prejudice Adco, who was brought into this action

**158225/2021   MELENDEZ, WILLIE vs. NEW YORK UNIVERSITY ET AL**
**Motion No.  003**

**Page 2 of 4**

2 of 4

after years of discovery (*Lopez v Halletts Astoria LLC*, 205 AD3d 573, 574 [1st Dept 2022]). Nor is there any risk of inconsistent verdicts as Adco's liability is contingent on a finding of liability against Defendants/Third Party Plaintiffs (*see also Admiral Indem. Co. v Popular Plumbing & Heating Corp.*, 127 AD3d 419 [1st Dept 2015]). Therefore, Adco's motion to sever is granted. However, Adco has not provided sufficient basis to dismiss Third-Party Plaintiff's Third-Party Complaint. Therefore, that portion of the motion is denied.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion to sever the Third-Party Complaint is granted, and the Third-Party Action bearing Index No. 595288/2025 is severed from the main action bearing Index No. 158225/2021; and it is further

ORDERED that within ten days of entry, Third-Party Defendant Adco Electrical Corp. shall serve a copy of this order with notice of entry on the Clerk of this Court (60 Centre Street, Room 141B); and it is further

ORDERED that Third-Party Defendant Adco Electrical Corp. shall serve a copy of this Decision and Order with notice of entry on all parties in this action via NYSCEF, and shall serve notice of entry on the office of the General Clerk in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website), and it is further

ORDERED that the Clerk of this Court, upon service of a copy of this order with notice of entry, shall sever the Third-Party Action bearing Index No. 595288/2025 from the main action bearing Index No. 158225/2021, and the Clerk of the Court shall record such action in the Clerk's records; and it is further

158225/2021   MELENDEZ, WILLIE vs. NEW YORK UNIVERSITY ET AL
Motion No. 003

Page 3 of 4

ORDERED that the Clerk of this Court shall amend the caption to remove the Third-Party Action; and it is further

ORDERED that to the extent Third-Party Defendant Adco Electrical Corp. seeks dismissal of the Third-Party Complaint, that portion of the motion is denied; and it is further

ORDRED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 8/15/2025 | | |
|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

158225/2021   MELENDEZ, WILLIE vs. NEW YORK UNIVERSITY ET AL
Motion No.  003

Page 4 of 4

4 of 4